## No. 10,039.

### JAMES L. WINTER vs. MAX FRAENKEL.

To authorize an appeal from an interlocutory decree the decree must be such as would work an irreparable injury.

So where a lessor complains that the lessee has placed an electric battery and erected machinery in a part of a building leased by him, in violation of the contract of lease, and claims damages to the amount of the rents to be paid for the residue of the building, which he avers will be abandoned by the tenants, and demands the dissolution of the lease, and at the same time asks for an injunction to stop the running of the machinery *pendente lite*, the order of the judge refusing to grant the injunction is not appealable.

The injury likely to be caused by the disturbance is not irreparable, nor is the refusal of the injunction decisive of the cause on its merits.

APPEAL from the Civil District Court, Parish of Orleans. *Voorhies*, J.

*F. L. Richardson*, for Plaintiff and Appellant.

*E. E. Moise*, for Defendant and Appellee.

The opinion of the Court was delivered by

TODD, J. This is an appeal from the refusal of the district judge to grant an injunction.

There is a motion to dismiss the appeal on the ground that the appeal is from an interlocutory decree, which does not work an irreparable injury.

The petition for the injunction contained in substance the following allegations :

That the plaintiff had leased to the defendant parts of certain buildings and their appurtenances in the city of New Orleans for thirty months, and that defendant had taken possession of the same. That the defendant, a few months after the commencement of the lease, placed in the building an electric battery of five-horse-power for the purpose of running sewing machines and fans, which caused so much noise, tremor and jarring of the walls of the building that the offices on the second floor thereof, occupied by the plaintiff and his other tenants were rendered almost uninhabitable. That the use thus made of the premises was not contemplated at the time of making the lease.

That he found the tenants would abandon the building if the distuibance from the battery and machinery was not stopped, and that he also would be obliged to give up the use of his office.

That the rents of the building, including his own office, for the term of the lease would amount to $2118.

Plaintiff prayed to have the lease cancelled and annulled, and for an injunction restraining defendant from running the machinery and for damages.

A rule to show cause was issued, and on trial of the same the injunction was refused.

The order of refusal complained of was an interlocutory order.

It is not for us to say whether the judge should have granted the injunction or not. That is not the question before us, but whether the interlocutory order refusing the injunction was appealable.

The general rule is that an interlocutory order or decree to be appealable must be calculated to work an irreparable injury.

There is, however, no allegation in the petition that such an injury, or an injury irreparable in character, would be caused by the refusal to grant the injunction. On the contrary, it is plainly inferrible from the nature of the complaint urged, that the injury could be repaired.

The substance of the complaint is that plaintiff and his other tenants will be compelled to quit the building, and he measures his loss " therefrom at $2118, as before stated. That is, if he and his tenants abandon the buildings on account of the disturbance complained, $2118, but no less sum paid to him by defendant will compensate him for his loss.

An injury, as has often been said, to be irreparable must be of that kind that cannot be compensated in money.

But, as we understand the plaintiff's counsel, he does not put the appealability of his case on this ground—of irreparability—but rather on the ground, substantially, that the refusal of the judge to grant the injunction was equivalent to deciding the case on its merits, and refers us to authorities, favorable, in such case, to the right of appeal.

If the premises of the counsel were correct, the authorities cited might greatly aid him. But are they correct?

The petition distinctly charges that the defendant, by the acts complained of, had violated the conditions of the lease, and that he, plaintiff, was entitled to have it annulled, and he prays that it be annulled and cancelled for the dissolution of the lease.

This demand, it is obvious, is the substance of his action—his main demand—whilst the injunction asked for can only be properly viewed as ancillary to that demand—to stop the disturbance—until he could be absolved from the unfortunate contract and get rid of his obnoxious tenants.

For these reasons the motion to dismiss the appeal must prevail.

Appeal dismissed.