Emily H. Pratt *et al.*

*v.*

John A. J. Kendig *et al.*

*Filed at Ottawa May 16, 1889.*

1. Chancery—*bill to quiet title—jurisdiction.* Where one has already sufficiently established his right, at law, to land, and yet is in danger of being harassed by fresh attempts to interfere with such right, a court of equity will grant a perpetual injunction to quiet his possession and protect him against the annoyance of future suits. Although it must appear that the right has already been satisfactorily established at law before equity will interfere, it is not material what number of trials have taken place,—whether two, only, or more.

2. But it can make no difference whether the proceeding in which the right has been established is an action at law or a suit in chancery, if the latter is one of such a character as to authorize a court of equity to adjudicate upon the legal title.

3. The jurisdiction of courts of equity of bills of peace, depends upon other considerations than the question of possession. It depends upon the fact that the complainant has several times satisfactorily established his title.

4. The owner of a tract of land laid out into lots, in three prior suits established his title as against the defendant, and was in the possession of the same, by himself and tenants. As the tenant on a certain lot was leaving the same, the defendant, by fraud and deception, obtained the keys of the building, and wrongfully entered the same. The owner, through his agent, entered without legal process, and re-possessed himself, and filed his bill to quiet his possession, and to enjoin the prosecution of suits of trespass and forcible entry brought by the defendant, and to set aside a deed made by the defendant, as a cloud on the title: *Held,* that the jurisdiction of the court to entertain the bill, so far as the lot was concerned, did not depend on the manner in which complainant re-possessed himself, but upon broader grounds. If the

suit had been merely to remove a cloud, and had embraced the one lot only, the nature and character of complainant's possession might have been important, as affecting his right to maintain the bill.

5. SAME—*of the decree—on bill to quiet title.* On bill to quiet title to real estate, and to perpetually enjoin the defendant from bringing or prosecuting further suits, and to set aside a deed made by the defendant as a cloud on the title to a part of the land, it is proper for the court, by its decree, to quiet the complainant's title as against the deed from the defendant, but it will not be proper to require the grantee in such deed to convey to the complainant.

6. SAME—*retaining cause for all purposes.* If a court of equity once acquires jurisdiction for any purpose, it will retain it for all purposes, and render complete justice between the parties.

7. EVIDENCE—*deposition in another suit.* A deposition taken in a prior suit may be read in evidence in a second suit, when the parties in interest in both suits are the same, and the issues in both suits are substantially the same.

APPEAL from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

Mr. E. F. ALLEN, and Mr. E. K. SMITH, for the appellants:

The possession that gives jurisdiction to a court of equity must have been acquired in a lawful way. If obtained by violence, or in an unlawful manner, the court will not lend its aid. *Comstock* v. *Henneberry,* 66 Ill. 212; *Hardin* v. *Jones,* 86 id. 313; *Gould* v. *Sternburg,* 105 id. 488.

Where the only question is as to which is the better legal title, and both titles can be brought before a court of law, a court of equity will not assume jurisdiction. *Booth* v. *Wiley,* 102 Ill. 84; *Wells* v. *Lammey,* 88 id. 174; *Kennedy* v. *Northup,* 15 id. 148.

A court of equity is not permitted to try and determine mere conflicting titles between the parties, under the pretext of removing a cloud from the title of one of them. *Scates* v. *King,* 110 Ill. 456.

If right to land has not been established at law, the court will not protect it by an injunction against a suit at law to recover the land. *Thornton* v. *Engle,* 4 N. J. Eq. 271.

The fact that the plaintiff at law has no title or no cause of action, will not warrant relief in equity against a forcible entry and detainer suit. 1 High' on Injunctions, secs. 89, 98, 325, 355.

Where a bill can not be maintained on the alleged grounds for equitable relief, and only leaves legal rights to be ascertained, the jurisdiction must fail. *Daniel* v. *Green,* 42 Ill. 472.

A court of equity will not relieve against ignorance of the law or advice of counsel. *Tone* v. *Wilson,* 81 Ill. 529.

An order or rule of court is of itself a law, and, as such, can not be changed or modified, even by the court; and a misunderstanding of an order is a misunderstanding of the law, against which a court of equity will not relieve. *Owens* v. *Ranstead,* 22 Ill. 161.

Before a court of equity will assume jurisdiction to avoid a multiplicity of suits, complainant must first establish his defense at law. *Insurance Co.* v. *Gunning,* 81 Ill. 236; 1 High on Injunctions, secs. 61, 90.

A writ of restitution will not be enjoined when the real purpose is for quiet possession and to suppress litigation; nor is title sufficient cause. 1 High on Injunctions, secs. 340, 325.

If there is an action at law pending to try the title, chancery will not take jurisdiction. *Whitney* v. *Stevens,* 97 Ill. 482.

If the plaintiff fails on demurrer in his first action, from the omission of any essential allegation in his declaration, which is fully supplied in his second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same right. *Hughes* v. *United States,* 4 Wall. 232; *Gould* v. *Railway Co.* 1 Otto, 526.

A deposition taken in another and different cause, by consent, and to be used in that cause, but not used, is not competent evidence against one not a party to the former suit. *Cookson* v. *Richardson,* 69 Ill. 137.

Mr. H. S. MONROE, for the appellees:

The counsel has misapprehended the nature of this case. It is a bill to set aside fraudulent deeds and to quiet title. The other relief asked and granted is incidental to this, and necessary to the accomplishment of the purposes of the bill.

It is well settled in this State that a court of chancery has jurisdiction to set aside deeds procured by fraud. *Nelson* v. *Rockwell,* 14 Ill. 375.

Being in possession of this property, and being the owners of it, we had the right to file a bill to set aside the deed to Smith, who was claiming title and seeking to obtain possession, and quiet our title, even if that deed was void at law. *Campbell* v. *McCahan,* 41 Ill. 46; *Johnson* v. *Johnson,* 30 id. 215.

If his title was void, and he was fraudulently seeking to obtain possession, even through the instrumentalities of the law, we had the right to an injunction until our own rights were determined.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

The litigation, of which the present suit is a remnant, has been before this Court three times, as will be seen by reference to the following cases: *Stone* v. *Pratt,* 25 Ill. 25; *D'Wolf* v. *Pratt et al.* 42 id. 198; *Pratt et al.* v. *Stone et al.* 80 id. 440. As the respective titles of the parties to this proceeding are the same as those involved in the cases referred to, the facts as set forth in those cases, showing the manner in which such titles have been derived, will not be repeated here in detail.

This is a bill filed on March 3, 1883, in the Circuit Court of Cook County by John A. J. Kendig, Horatio Stone Jr. and Elizabeth A. Stone, trustees, duly appointed in November, 1881, as successors to the original trustees named in the will of Horatio O. Stone, deceased, who died testate on July 20, 1877, against Emily H. Pratt, James Pratt, her husband, and

E. K. Smith. It is not denied that the title, which Stone had in his lifetime to the property in controversy, has become vested in his trustees since his death. The object of the bill is to quiet the complainants' possession of certain lots in Stone's subdivision of the fifteen acres described in the opinions in the foregoing cases, to remove a cloud upon the title of part of one of said lots, and to perpetually enjoin the prosecution of pending and threatened litigation, affecting the rights of complainants in said property, and their possession of the same. The bill avers and the proof shows, that complainants are in possession of all the lots, and that their title thereto has already been established by a number of suits, to which the defendants herein, or their grantors, or representatives, were parties. The bill was answered by Emily H. and James Pratt and Smith. Emily H. Pratt filed a cross-bill claiming to be the owner of the lots, and praying that she be decreed to be such owner, that she be put in possession of the same, and that the trustees be required to account for the proceeds of the sales of lots sold by Stone, and for rents collected by him. The said Emily announces her intention in her answer to take such legal steps as may be necessary to protect her rights in the premises.

By the decree of the circuit court, which we are asked to review, it is decreed that the complainants, as such trustees, hold the title to the lots; that said cross-bill be dismissed; that the injunction be made perpetual; that the Pratts be perpetually enjoined from in any way taking possession of any part of the fifteen acres owned by the grantees of Stone, or the houses thereon, or interfering with the rights of complainants therein; that the deed from Emily H. Pratt and husband to E. K. Smith of the south 25 feet of lot 16 in Block 2 in said subdivision is null and void, and a cloud upon the title of complainants, and that Smith be perpetually enjoined from in any way interfering with their rights therein, etc.

Where a complainant has already sufficiently established his right at law, and yet is in danger of being harassed by fresh attempts to interfere with such right, a court of equity will grant a perpetual injunction to quiet his possession, and protect him against the annoyance of future suits. Courts of law, in some cases, have not the power of putting an end to vexatious and oppressive litigation, and courts of equity will assume jurisdiction in order to do so. Although it must appear that the right has already been satisfactorily established at law, before equity will interpose, "it is not material what number of trials have taken place, whether two only, or more." (Story's Eq. Jur. vol. 2, sec. 859 (12th ed.); High on Inj. (2d ed.) vol. 1, sec. 61; *Eldridge* v. *Hill,* 2 Johns. Ch. 281; *Trustees of Huntington* v. *Nicoll,* 3 id. 566; *Dedman* v. *Chiles,* 3 T. B. Monroe, 426; *Woods* v. *Monroe et al.* 17 Mich. 238; Eden's Law of Injunctions, page 356.) We apprehend that it can make no difference whether the proceeding, in which the right has been established, is an action at law, or a suit in chancery, if the latter is one of such a character as to authorize a court of equity to adjudicate upon the legal title.

The common source of title, under which the complainants and defendants claim, is Amos Pratt. In *D'Wolf* v. *Pratt et al. supra,* where C. H. D'Wolf, Amos Pratt, Jeremiah Pratt and Horatio O. Stone were all parties, it was the decision of this Court, that Amos Pratt should convey his title to the fifteen acres to D'Wolf, and, in default of his doing so within a certain time, the Master in Chancery of the Circuit Court should so convey it. The Master in Chancery did make the conveyance to D'Wolf, and D'Wolf executed a deed to Stone. Appellees hold the D'Wolf title.

October 7, 1853, Amos Pratt executed a quitclaim deed of said premises to Jeremiah Pratt: November 1, 1867, Jeremiah Pratt deeded the same to the appellant, Emily H. Pratt. Appellants claim under the Jeremiah Pratt title. It was distinctly held in *D'Wolf* v. *Pratt et al.,* that the D'Wolf title was

the better title, and that, as against it, the deed to Jeremiah Pratt was invalid. Here was one adjudication, in which the right of Stone to this property was established as against the grantor of appellants.

In *Pratt et al.* v. *Stone et al. supra,* where Horatio O. Stone and the present appellants, James Pratt and Emily H. Pratt, were parties, it was again held that the title of Stone to this property was superior to the claims of said appellants thereto. Here was another adjudication, in which the right of Stone was established against all the appellants, it being admitted that Smith holds by deed from Emily H. Pratt, as hereafter stated.

It is also in proof, that the appellant Emily H. Pratt conveyed one of the lots in the subdivision of the fifteen acres to a non-resident by the name of Gallup, and that Gallup began an ejectment suit against Stone in the United States Circuit Court for the Northern District of Illinois to recover the possession of said lot. This ejectment suit was designed to be a test case for the purpose of settling the question of title between Stone and the Pratts. It resulted in a judgment by the Federal Court in favor of Stone after an exhaustive trial by able counsel; and no appeal was ever taken from the judgment. Here was still another adjudication, in which the right of Stone was established as against the claims of the present appellants.

In October, 1873, the appellant Emily H. Pratt, without the knowledge or consent of Stone, or his agents, took possession of one of the lots in question by entering into and occupying the house located thereon. It is admitted, that Stone brought suit against her to recover the possession of this house, and that he recovered judgment, and was restored to possession through the process of the Court.

That the appellees are in danger of being vexed by further litigation as to a matter that has been so often passed upon, sufficiently appears from the facts disclosed in the record. In July, 1879, the appellant Mrs. Pratt took possession of another

one of the lots in controversy in the manner hereinafter explained. Upon being ejected, she began a suit of forcible entry and detainer against the trustees of the Stone estate, and also an action of trespass for damages. At least one of these suits is still pending. It has already been stated, that, in her pleadings filed in this cause, she asserts her ownership of the lots in controversy under the same claim of title, which she and her grantors have failed to sustain in the suits above mentioned, and threatens to take legal action for the enforcement of such claim.

We think the appellees have shown that their right to these lots has been established by previous adjudications, and that they are in danger of being vexed with further controversy in relation to the same. Hence, they are entitled under the authorities, herein referred to, to come into a court of equity and ask for a perpetual injunction "to restrain repeated and vexatious litigation."

As to the south 25 feet of lot 16 in Block 2, being a part of the property in dispute, the bill alleges that complainants are in possession of it, and asks that the deed thereof to Smith be removed as a cloud, and that Mrs. Pratt be enjoined from prosecuting the forcible entry and detainer suit to get possession of it. The decree of the Circuit Court is in accordance with the prayer of the bill as to this part of the property, and is objected to by the appellants upon the alleged ground, that the possession, which the appellees hold of this 25 feet, was acquired from Mrs. Pratt by violence, and, therefore, under the doctrine announced in *Comstock* v. *Henneberry,* 66 Ill. 212, can not give a court of chancery jurisdiction to entertain a bill to remove a cloud.

Prior and up to July 11, 1879, Ida E. Gilliland and her husband had been occupying the house upon the 25 feet in question, as the tenants of the appellees. On that day they vacated the house, and were instructed by the agent of appellees to lock the doors and leave the keys with another tenant

living in the adjoining house. About that time Mrs. Pratt made a deed of the 25 feet to Smith, then took a lease of it from Smith to herself, and, going up to the premises, obtained one of the keys from Mrs. Gilliland and went into the house. The next day one Nichols, the agent of appellees, found Mrs. Pratt in the house. A few articles of furniture had been moved in, and expressmen were unloading household goods in the yard. The front door was locked. Nichols spoke to Mrs. Pratt through the window, and demanded possession. She drew a pistol and threatened to shoot him if he came in. He went off, and, returning with a policeman, entered the house through the back door, which was open, and through which some men were carrying furniture into the house. Nichols testifies: "After I had got into the house * * * I told her that she must vacate. * * * She drew her gun on me, and the policeman then arrested her and took her to the station." Thereupon, Nichols took possession of the house for the appellees, and the latter have been in possession ever since. Mrs. Pratt at once commenced the trespass and forcible entry and detainer suits, which have already been mentioned.

After a careful examination of the evidence, we are satisfied that Mrs. Pratt gained admission to the house by deceiving the tenant of appellees. On July 10, 1879, Mrs. Gilliland had agreed with Nichols to surrender possession to him, and had received from him a card, announcing the house to be for rent, to be posted on the premises. She was not aware at that time of the dispute in regard to the title. She told Mrs. Pratt that she had been directed by Nichols to leave the keys at the next house. She was induced by Mrs. Pratt to believe, that the latter was going into the house as the tenant of Nichols. If Mrs. Gilliland was not deceived, then Mrs. Pratt persuaded her to violate her agreement with her landlord, and to assist a party claiming adversely to her landlord to enter into the occupancy of the premises. (*Hardin et al. v. Jones,* 86 Ill. 313.)

We do not deem it necessary to inquire, whether the possession of appellees was or was not acquired by such violence, as would forbid its acceptance by a court of chancery as the basis of equitable jurisdiction. Such inquiry would be material, if this were a bill setting up the possession by complainants of no other property than the south 25 feet of said lot 16, and asking for no other relief than the removal of the Smith deed as a cloud upon said 25 feet. Here, however, equity takes jurisdiction, because the property involved consists of a number of lots, embraced within the original fifteen acres above referred to, and because appellees are entitled to a perpetual injunction against future litigation as to such lots, by reason of having several times heretofore established their title to the same. The 25 feet are one of said lots, and the title to the 25 feet, like the title to the rest of the property, having been already established, should be protected against new law-suits.

A court of equity, having acquired jurisdiction for one purpose, will entertain it for all purposes. Having acquired jurisdiction of all the rest of the property for the purpose of granting the broader and more general relief already specified, it will take jurisdiction of a particular part, as to which, if it alone were involved, the bill might be dismissed, in order to extend the same relief to such part. (*Woods* v. *Monroe et al. supra*). The character of the possession in bills to quiet title is only important as determining whether the court will entertain jurisdiction or not. Here the jurisdiction depends upon other considerations than the question of possession. If the forcible entry and detainer suit should be allowed to proceed, and Mrs. Pratt, under the judgment therein, should obtain possession of the 25 feet, appellees could at once bring ejectment against her, and be restored to the possession. The forcible entry and detainer judgment would be no bar to the ejectment suit. (*Riverside Co.* v. *Townshend et al.* 120 Ill. 9). But the court of equity knows in advance, that the ejectment suit must result in favor of appellees, because, in an ejectment

suit already tried, and in other proceedings already ended, appellees have been adjudged to be the owners of the property. Equity will not compel suitors to resort to unnecessary litigation, or to do over again what has been already done. We, therefore, think the decree of the Circuit Court was right in granting relief as to the 25 feet, except in the particular hereafter mentioned.

Appellants assign as error, that complainants below were permitted to read the deposition of Mrs. Gilliland, taken in another suit. The deposition was taken in the forcible entry and detainer suit between Mrs. Pratt and the trustees of the Stone estate. She appeared by counsel and cross-examined the witness. The deposition had reference solely to the possession taken by her of the 25 feet. The parties to the present suit are the said trustees, and Mrs. Pratt and her husband and Smith. But she is the real party in interest as defendant. Her husband has no interest, and Smith holds by deed from her. The issue in this case, upon which the testimony was produced, is, as it was in the other case, the character of her possession. Hence, upon the authority of *Wade et al.* v. *King et al.* 19 Ill. 301, it was not error to permit the deposition to be read.

Although the court below decided correctly in quieting the title of complainants as against the deed from Mrs. Pratt to Smith, we think it should have stopped there without decreeing a re-conveyance by Smith to the complainants, and the decree will stand modified to that extent, and in other respects will be affirmed. The costs of this court will be equally divided between the parties. This is in accordance with the ruling in reference to a similar decree in *Rucker* v. *Dooley et al.* 49 Ill. 377.

*Decree modified and affirmed.*