# THE CHICAGO PUBLIC STOCK EXCHANGE

*v.*

## ROBERT W. McCLAUGHRY.

*Filed at Ottawa January 16, 1894.*

1. CHANCERY—*jurisdiction—enjoining exercise of police powers.* As a general rule, equity will not enjoin the exercise of police power given by law to the officers of a municipal corporation, or interfere with the public duties of any of the departments of government, or restrain proceedings in criminal matters.

2. SAME—*jurisdiction—adequate remedy at law.* Where a bill for an injunction shows upon its face that the act sought to be enjoined would be only a trespass, or injury to the complainant's business, which may be compensated in damages, and there are no facts stated showing that an irreparable injury will result from the threatened trespass, the bill will be dismissed for want of equity, there being an adequate remedy at law.

3. SAME—*when will enjoin a trespass.* A court of equity will only entertain a bill to enjoin a trespass to prevent a multiplicity of suits or to prevent irreparable injury. It will not interfere to prevent a trespass upon the ground of irreparable injury, unless the facts and circumstances are alleged from which it may be seen that irreparable injury will be the result of the act complained of, and that there is no adequate remedy at law. It should be shown that the defendant is insolvent, or unable to pay the damages to accrue.

4. Where the injury is not irreparable, and is susceptible of perfect pecuniary compensation, an injunction will not be granted to restrain a mere trespass.

5. SAME—*jurisdiction to prevent multiplicity of suits.* To warrant equitable interference upon the ground of preventing a multiplicity of suits, there must be different persons assailing the same right, and not a mere repetition of the same trespass by one and the same person, the case being susceptible of compensation in damages. If the right is disputed by two persons, only, not for themselves and all others in interest, but for themselves alone, equity will not interpose.

6. If the right affects numerous parties, equity will sometimes enjoin a continuance of the litigation, because the judgment against one of the parties would not be binding on the others. But where there are continued suits between two single individuals, arising from the separate repetition of trespasses, equity will not interfere by injunction,

where the right has not been established at law, because a judgment in any one of the suits would be evidence in all the others.

7. SAME—*objection to jurisdiction—how taken.* Where the objection to the granting of equitable relief is the existence of an adequate remedy at law, as shown by the bill itself, such objection must be taken advantage of by the pleadings. But the objection may be made, not alone on demurrer to the bill, but may be specially relied on in the answer.

8. SAME—*when necessary to preserve the evidence.* The general rule is, that the party seeking to sustain the decree should preserve the evidence. But when the bill shows on its face a want of equity, it is proper, on the hearing, to dismiss it, whether the evidence is preserved in the record or not, as in such case the bill can not be aided by proof.

9. CONTINUANCE—*attendance of counsel in legislature.* Where a party applies for a continuance of his case on the ground of the attendance of his counsel in the State legislature, and his affidavit conforms to the requirements of sections 46 and 47 of the Practice act, the court is required to grant the same, the word "may" in the statute being construed "shall."

10. Where the affidavit conforms to the statute the court has no discretion to refuse a continuance, and it is not necessary, under the statute, to state the facts and circumstances, but the affidavit must state that the counsel, who is a member of the legislature, was actually employed prior to the commencement of the session. Counter-affidavits can not be received for the purpose of contradicting the affidavit for the continuance.

11. ERROR WILL NOT ALWAYS REVERSE. Where this court can see that an error has in no way prejudiced the defeated party, and that the result must have been the same if such error had not been committed, it will not order a reversal.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. W. G. EWING, Judge, presiding.

This is a bill filed on March 9, 1892, by the appellant against the appellee, and the following is a statement of the substance of the bill as set out in the abstract of the record filed in this court by the appellant:

"Bill alleges incorporation February, 1892, of appellant under the laws of this State, and that it was incorporated for the purpose of 'collecting and publishing market quotations, and

furnishing facilities for trading in bonds, stocks, securities, grain, pork, farm and dairy produce of all kinds, and to buy and sell grain, pork, farm and dairy products of all kinds on commission.' Further alleges that in March, 1892, it leased a large hall at 126 Washington street, Chicago, and fitted the same up 'for a place where brokers and traders might meet for the purpose of carrying on their business, and with the intention and for the purpose of renting to brokers and traders desk-room in said hall, and furnishing to them facilities for carrying on their business, including the market quotations as made from day to day on the New York Stock Exchange and the Chicago Board of Trade, and various other exchanges throughout the country, of bonds, stocks, grain, pork, etc.' Also alleges that it, appellant, did sub-let and lease to various persons, firms and corporations, desk-room in said hall, and that said hall has been, since March 10, 1892, used for the aforesaid purposes, and no other, and that said hall is occupied solely by brokers and commission merchants lawfully and legally engaged in buying and selling stocks, bonds, grain, pork and produce; alleges that complainant is in nowise engaged in conducting any bucket-shop, pool-room or game of chance, or gambling device of any kind; that it has never bought or sold a dollar's worth of stock or grain or produce, and that its sole business is the sub-letting of said hall, and that its sole profit is derived from the sub-letting of said hall; that said hall is open at all times to the public, who have free access thereto; that in fitting up said hall complainant caused to be put in said hall a telegraph instrument connected with the Western Union Telegraph Company's wires, which instrument, called a 'ticker,' and the wires, furnish the price of stocks, bonds, etc., as quoted from day to day on the New York Stock Exchange, etc., and complainant also caused to be put in said hall electric lights, etc., furnished by the electric light company of Chicago; alleges that Robert W. McClaughry, acting through his subordinates, etc., on March 17, 1892, took

forcible possession of said hall, separated the wires connected with said telegraph instrument, cut the wire running to the electric lamps, and took possession of and carried away the private letters, statements, accounts and other property of complainant and others occupying said hall, and notified such persons and tenants he would continue to raid said hall, and carry away their letters, statements and other property, so long as they should persist in attempting to do business in said hall; shows that defendant threatens to again take possession of said hall, and to continue to do so, so long as complainant, by its tenants, continues to occupy said hall, and will do so unless restrained; that by reason of such conduct on the part of said defendant the rental value of said premises is depreciated, and complainant prevented from renting portions of said hall which it would otherwise be able to rent, and is continually harassed and annoyed in the conduct of its business, to its great and irreparable damage, which damage cannot be exactly measured or ascertained; waives answer under oath; prayer for injunction restraining defendant from interfering with your orator's peaceable possession of said hall and your orator's property in said hall."

The answer to said bill, as it appears in said abstract is as follows:

"Admits incorporation of complainant; denies that complainant fitted up the hall for the purpose alleged in its bill; denies that complainant leases or sub-lets to various firms for the purpose of carrying on a lawful or legitimate business; denies that the hall is occupied solely by brokers or commission merchants engaged in buying or selling stocks; admits that said hall has an open and public entrance, and that all persons have free access thereto, and that complainant placed in said hall a 'ticker,' connected with telegraph wire furnished by the Western Union Company, for the purpose of supplying said premises with market quotations as alleged in the bill, but denies that complainant fitted up the hall for lawful pur-

poses, and alleges that the complainant was organized for the purpose of enabling it and other persons to carry on gaming, and to keep and run a gaming house; alleges, on information and belief, that said hall, shortly after it was fitted up, was taken possession of by divers well known 'sports and gamblers' under a pretended lease, and that since March, 1892, said hall has been openly and publicly used as an ordinary gaming house, with complainant's knowledge; that while the current quotations of the market price of grain, etc., have been posted on a large blackboard, and pretended sales of stocks and grain may have been made, such is a mere incident to the business of making bets (in the shape of pretended purchases) on the rise and fall of certain fictitious or bogus mining stocks, such prices having been previously prepared; that such mining stocks have no value, and the prices are not controlled by the public demand or supply nor the genuine market prices, but only the arbitrary prices placed upon the same for the purpose of betting; alleges that the pretended buying and selling of mining stocks, based on the arbitrary prices made in advance, is the main business of complainant; avers that at the time of the filing of complainant's bill there was in force in the city of Chicago an ordinance, No. 1867 (1307), prohibiting the keeping or setting up of certain games, enumerating them, as, E. O., A B C, rooley-pooley, keno or faro table, faro bank, roulette or other instrument, device or thing; also No. 1868 (1308), prohibiting any person from engaging in any of the above games in No. 1867, which provides that it shall be the duty of the members of the police force to give information of games, etc., and to take all lawful means to suppress the same, and to obtain warrants for the arrest of all persons; No. 1873 makes it the duty of all members of the police force to seize any table, instrument, device or thing used for the purpose of gaming, and destroy the same; alleges that divers persons, with complainant's knowledge, had repeatedly been found in betting and keeping a gambling house in said premises, and

admits that on March 17, 1892, caused various persons found in said hall to be arrested, and that defendant's officers, in making such arrest, took possession of the instrument, tapes, tickers, statements of accounts, lists of stocks and other property; admits that defendant intends to again raid the said premises."

A replication was filed to the answer. After the overruling of a motion for continuance a decree was entered, reciting that the cause came on to be heard upon the pleadings, and "upon proofs offered in open court," and after argument by counsel for the respective parties, ordering a dissolution of the injunction theretofore granted, and dismissing the bill for want of equity. The Appellate court has affirmed said decree, and the present appeal is prosecuted from such judgment of affirmance.

The only certificate of evidence in the record contains the motion for a continuance and the affidavits filed upon the hearing of said motion. There is no certificate of evidence showing what proof was introduced upon the hearing upon the merits.

Mr. E. H. MORRIS, for the appellant:

When the affidavit for a continuance on the ground that counsel is a member of the State legislature, and in attendance thereon, meets the requirements of the statute, it is mandatory upon the court to continue the case. "May," as used in the statute, means "shall." *Railway Co.* v. *Teters,* 68 Ill. 124; *Wicker* v. *Boynton,* 83 id. 545.

Counter-affidavits can not be heard on motion for a continuance. *Wick* v. *Weber,* 64 Ill. 167; *Quincy Whig Co.* v. *Tillson,* 67 id. 351.

Mr. ADOLPH KRAUS, and Mr. SIGMUND ZEISLER, for the appellee:

The trial court did not err in overruling the complainant's motion for a continuance.

A court of equity has no power to enjoin the exercise of police power given by law to the officers of a municipal corporation, nor jurisdiction to interfere with the public duties of any department of the government. *Chicago* v. *Wright*, 69 Ill. 318; *Poyer* v. *Des Plaines*, 123 id. 114; *Moses* v. *Mayor of Mobile*, 52 Ala. 198; *Davis* v. *American Society*, 75 N. Y. 362; 10 Am. and Eng. Ency. of Law, 914; *Shakel* v. *Roche*, 27 Bradw. 423; *Ganion* v. *Atlantic*, 68 Ga. 64; *Swess* v. *Noble*, 31 Fed. Rep. 855.

The interposition of a court of chancery can not, in such a case, be invoked, except to prevent a multiplicity of suits, or where the injury is irreparable, or on account of the inadequacy of pecuniary compensation. The case at bar falls within none of these grounds. With reference to the question of avoiding a multiplicity of suits, it is well settled that the doctrine does not apply where the cause of the threatened suit is the daily continuation, by the plaintiff himself, of the conduct which is the subject of the controversy. *Jones* v. *Oil Co.* 17 Ill. App. 114; *Moses* v. *Mayor of Mobile*, 52 Ala. 198; *Poyer* v. *Des Plaines*, 123 Ill. 118.

To warrant interference in such cases there must be different persons assailing the same right; and the principles upon which the relief is granted have no application to a repetition of the same trespass by one and the same person, the same being susceptible of compensation in damages. High on Injunctions, sec. 700; *Hascher* v. *Hampton*, 17 Ga. 10; *Roebling* v. *Bank*, 30 Fed. Rep. 744; *Poyer* v. *Des Plaines*, 123 Ill. 114; *Schurmeier* v. *Railroad Co.* 8 Minn. 113.

Mr. Justice Magruder delivered the opinion of the Court:

The only error insisted upon by counsel for appellant and argued in his brief is the action of the Circuit Court in overruling the motion for a continuance. The motion for a continuance was based upon an affidavit made by the president of the appellant corporation, from which it appears that the

principal or senior counsel of the complainant was a member of the State Senate and in actual attendance upon a session of the General Assembly at the Capital of the State, and had been employed by complainant as its solicitor in said suit prior to the commencement of the said session of the General Assembly, and that the presence and attendance of said solicitor in court were necessary to a fair and proper trial of said cause, and that complainant could not safely proceed to the trial of said cause in the absence of its said solicitor. The affidavit conforms to the requirements of sections 46 and 47 of the Practice Act. (2 Starr & Cur. pages 1811, 1812).

The statute provides that, "on the filing of such affidavit, the court may continue such suit." The word "may" must here be construed to mean "shall," and it is not discretionary with the court to refuse or grant the continuance. (*St. L. & S. E. R. W. Co.* v. *Teters*, 68 Ill. 144; *Wicker* v. *Boynton*, 83 id. 545). It is not necessary, under the statute, to state the facts and circumstances. (*Wicker* v. *Boynton, supra*).

Counter affidavits were filed for the purpose of contradicting the affidavit for continuance, but counter affidavits cannot be received for such purpose upon a motion for continuance. (*Wick* v. *Weber*, 64 Ill. 167; *Quincy Whig Co.* v. *Tillson*, 67 id. 351). The affidavit for continuance must state that the counsel, who is a member of the Legislature has been actually employed prior to the commencement of the session. (*Stockley* v. *Goodwin*, 78 Ill. 127). Such statement is made in the affidavit in this case.

In view of the provisions of the Statute, and the decisions construing them, and the conformity therewith of the affidavit filed below, we think that it was error to overrule the motion for a continuance. But it is not every error, which will work a reversal. Where this court can see, that the error committed in no way injured or prejudiced the defeated party, and that the result must have been the same if such error had not been committed, it will not order a reversal. We are of the opinion

that, in the present case, the complainant was not harmed by the error complained of, because the bill upon its face showed a want of equity and that the remedy was at law.

The bill, as set out, in the record shows that the appellee was chief of the police of the city of Chicago, and that he was acting through his subordinates, who were police officers of said city, in the matters in reference to which it was sought to enjoin him.    As a general rule, equity will not enjoin the exercise of police power given by law to the officers of a municipal corporation, or interfere with the public duties of any of the departments of government, or restrain proceedings in a criminal matter.    (*Chicago* v. *Wright,* 69 Ill. 318; *Poyer* v. *Village of Des Plaines,* 123 id. 111; *Davis* v. *American Society,* 75 N. Y. 362; *Moses* v. *Mayor of Mobile,* 52 Ala. 198; *Garrison* v. *Atlanta,* 68 Ga. 64.)

But aside from this consideration, the bill seeks to enjoin the commission of a trespass or of threatened trespasses by the same person or agency, and thereby shows upon its face that complainant had a complete remedy at law.    It alleges that complainant had leased a hall and fitted the same up for a place where brokers might meet to carry on their business, and for the purpose of renting them desk-room, and that it sublet desk-room in said hall to various persons, and that its sole business was the subletting of said hall, etc.    Hence the injury suffered would be nothing more than a loss of the fair rental value of the premises leased.    Whatever injury might be done to the business of complainant could be determined in an action at law.    The loss suffered would be susceptible of compensation in damages.    There is nothing upon the face of the bill to show that the injury to complainant would be irreparable.    It is true, that the bill contains a general allegation of irreparable damage, but there is no allegation that the defendant is insolvent, or unable to respond in damages to the amount of loss suffered.    A court of equity will only entertain a bill to enjoin a trespass to prevent a multiplicity of suits, or

to prevent irreparable injury. It will not interfere to prevent a trespass upon the ground of irreparable injury unless the facts and circumstances are alleged, from which it can be seen that irreparable injury will be the result of the act complained of, and that there is no adequate remedy at law. (*Poyer* v. *Village of Des Plaines, supra; Moses* v. *Mayor of Mobile, supra; Winter* v. *Frankel,* 39 La. Ann. 1059 ; *Goodell* v. *Lassen,* 69 Ill. 145.) Where the injury is not irreparable, and is susceptible of perfect pecuniary compensation, an injunction will not be granted to restrain a mere trespass. (*Schurmeier* v. *St. P. & P. R. R. Co.* 8 Minn. 115).

To warrant interference upon the ground of a multiplicity of suits there must be different persons assailing the same right, and not a mere repetition of the same trespass by the same person, "the case being susceptible of compensation in damages." (1 High on Inj. sec. 700). "If the right is disputed between two persons only, not for themselves and all others in interest, but for themselves alone, the bill will be dismissed." (2 Story's Eq. Jur. sec. 857). If the right claimed affects numerous parties, equity will sometimes enjoin a continuance of the litigation because the judgment against one of the parties would not be binding on the others. But where there are continued suits between two single individuals, arising from the separate repetition of trespasses, equity will not interfere by injunction where the right has not been established at law, because a judgment in any one of the suits would be evidence in all the others. If the right has not been established at law, the necessity of intervention does not exist. (*Moses* v. *Mayor of Mobile, supra ; Poyer* v. *Village of Des Plaines, supra ; Pratt* v. *Kendig,* 128 Ill. 293). It is manifest from the allegations of the bill in the present case, that the complainant is seeking to enjoin the repetition of trespasses by the same defendant, furnishing grounds for separate suits, so that there is not shown that multiplicity of suits which induces equity to interfere. (*McCoy* v. *Chilicothe,* 3 Ohio, 379).

The question then arises whether the want of equity upon the face of the bill, which shows a complete remedy at law, could be taken advantage of upon the hearing in this case, the hearing having been, not upon demurrer to the bill, but upon bill, answer and replication and upon proofs offered in open court.  There being no certificate of evidence, it does not appear what the proof was upon the merits.  The general rule is, that the party seeking to sustain the decree should preserve the evidence.  (*Marvin* v. *Collins,* 98 Ill. 510).  But, here, if the complainant upon the hearing had introduced proof sustaining all the allegations of the bill, its case would have been no better than it was without any proof, because the proof could show no more equity than the bill itself showed upon its face.  In *Walker* v. *Ray,* 111 Ill. 315, we said:  "A bill wholly insufficient to authorize the relief sought is never aided by proof.  If every allegation of a bill that shows a want of equity is proved, the proof shows no more equity than the bill; and if the proof goes beyond such a bill as establishes ground for relief, the relief cannot be granted because the allegations and proofs do not correspond.  *  *  *  It is therefore immaterial whether there was a certificate of evidence or not, or whether the court below was or not warranted in finding by the decree that the allegations of the bill were proved, because, if they were, they constituted no ground of relief."

Where a bill, on its face, shows no ground for equitable relief, it is proper, on the hearing, to dissolve the injunction and dismiss the bill.  (*Harris* v. *Galbraith,* 43 Ill. 309).  Where, as here, the objection to the granting of equitable relief is the existence of an adequate remedy at law as shown by the bill itself, such objection to the jurisdiction must be taken by the pleadings.  (*Nelson* v. *First Nat. Bank of Chicago,* 48 Ill. 36.)  But the objection may be made, not alone on demurrer to the bill, but it may be specially relied upon in the answer, (*Creely* v. *Bay State Brick Company,* 103 Mass. 514), and in the case at bar it is specially relied upon in the answer.  Upon turning

to the answer, as it appears in the record, we find the following allegation: "This respondent is advised by counsel that the injunction * * * to * * * restrain a threatened trespass is without authority of law, and that complainant has an adequate remedy at law for the acts complained of in the bill of complaint, and that a court of equity is wholly without jurisdiction in the premises, and therefore prays that it (he) may have the same benefit * * * of these objections as though it (he) had specially demurred to the bill."

We are of the opinion, for the reasons here stated, that the want of equity upon the face of the bill was properly taken advantage of upon the hearing, and that there was no error in dissolving the injunction and dismissing the bill.

The decree of the Circuit Court is affirmed.

*Decree affirmed.*