### Allen Newlin and Stephen D. Newlin, Partners as Newlin Brothers, v. Charles Prevo and Mahlon Musgrave.

1.   EQUITY—*No Jurisdiction to Undo the Acts of Trespassers.*—A court of equity is without jurisdiction to intervene merely to undo the acts of trespassers.

2.   INJUNCTION—*Not Always a Prohibitive Remedy.*—An injunction, although in its nature prohibitive, may be invoked to prevent a tres-

pass, where the injury will be irreparable, or a multiplicity of suits will follow from the threatened acts.

**Bill**, for an injunction. Trial in the Circuit Court of Crawford County; the Hon. PRINCE A. PEARCE, Judge, presiding. Judgment for defendant on demurrer to bill; appeal by complainants. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 10, 1899.

This suit was begun by appellants, by filing a bill in chancery, which (omitting the prayer) is of tenor as follows:

"Humbly complaining showeth unto your honor, your orators, Allen Newlin and Stephen D. Newlin, residents of the county and State aforesaid, and partners under the firm name of Newlin Brothers, that on the thirty-first day of January A. D. 1898, your orators purchased from Simpson Rains, Morton Rains and Edward Rains, a stock of dry goods, clothing, notions and groceries, with all the fixtures thereunto belonging, for the consideration of three thousand dollars, which your orators then paid to said Simpson Rains, Morton Rains and Edward Rains, and which they then and there accepted as full payment for said stock of goods.

That at and before the time of the purchase of said stock of goods, the same were in the store in Hussong's Opera House Building in the village of Hutsonville, in said county of Crawford, and that at the time of said purchase of said stock of goods by your orators—that is to say, on the morning of the thirty-first day of January A. D. 1898—the said Simpson Rains, Morton Rains and Edward Rains delivered the possession of said goods and merchandise to your orators, together with the right to occupy, enjoy and use the store-room wherein the same were then situate.

And your orators further represent and show unto your honor that your orators remained in the quiet, peaceable and undisturbed possession of the said stock of goods, and of the store-room in which the same were, until about eight o'clock in the evening of the third day of February, A. D. 1898, when Charles Prevo, without any lawful right whatever, with the assistance of one Mahlon Musgrave, entered said store-rooms where said goods were situate, and by intimidation caused William B. Atwood, the clerk and employee of your orators in charge of said goods and store-room, to depart therefrom and leave them, the said Charles Prevo and Mahlon Musgrave, in said store-room. That thereupon the said Charles Prevo and Mahlon Mus-

Newlin v. Prevo.

grave began to nail up the doors and windows of said store-room, and your orators hearing the noise occasioned by such nailing, went at once to the said store-room and entered the same, as they lawfully might, and demanded that the said Charles Prevo and Mahlon Musgrave and others whom they called to their assistance should depart therefrom and cease to disturb or molest your orators in their lawful possession of said goods and the store-room wherein the said goods were and still are situate.

Your orators further represent, and show unto your honor, that the said Charles Prevo and Mahlon Musgrave, or one of them, falsely pretending and claiming to have rented the said store-room and falsely pretending and claiming to have purchased said stock of goods from the said Simpson Rains, Morton Rains and Edward Rains at some time prior to the time when the same was purchased by your orators, and the possession thereof delivered to them as aforesaid, the said Charles Prevo and Mahlon Musgrave refused to depart from said store-room and constantly intermeddle with and disturb the possession and business of your orators therein, and threaten your orators with violence, and even to take the lives of your orators, should your orators undertake to eject them from said store-room by the use of necessary and proper force; and your orators further represent and show unto your honor that the presence of said Charles Prevo and Mahlon Musgrave in the said store-room and their conduct there, by asserting their false and groundless claims to the ownership of your orators' goods and wares and merchandise and right of possession to said store-room, causes constant and repeated and continued injury to your orators, for which they have no adequate remedy at law, and that such presence of said Charles Prevo and Mahlon Musgrave in said store-room, under the conditions and circumstances aforesaid, is a nuisance to the public peace, tending to provoke a breach thereof.

Your orators further represent and show unto your honor, that for several years prior to the sale of said stock of goods to your orators, the said Simpson Rains, Morton Rains and Edward Rains had been in possession of the store-room aforesaid as a tenant from year to year, and that such tenancy has not been terminated. That they were also in possession of the stock of goods by them sold to your orators as aforesaid, as the owners, and had the right to sell the same to your orators and deliver the possession thereof to them."

An injunction was prayed for and allowed in vacation.

A demurrer to the bill was interposed by the defendants, which was sustained by the court, and the injunction was dissolved and the bill dismissed.

Defendants were awarded $100 as damages for the wrongful suing out of the injunction, and complainants bring the case here by appeal.

CALLAHAN, JONES & LOWE and JONES, EAGLETON & NEWLIN, attorneys for appellants.

While it is true that injunction does not ordinarily lie to enjoin a trespass, yet in cases where the court thinks it expedient to interfere on the ground that there is no sufficient legal remedy, it will do so by a decree, the indirect effect of which will be to compel the defendant to surrender the premises.    Waterman on Trespass, Sec. 1215.

An injunction will be granted when there is great vexation from continued trespasses ; also where the mischief can not easily be measured in damages, or where, from the nature of the trespass, it is impossible to prove the damages occasioned by it, or when necessary to prevent a multiplicity of suits.    Waterman on Trespass, Sec. 1126.

" In a proper case a court of chancery will restrain by injunction any person who, by brute force, with weapons, is molesting a party in the peaceable and lawful possession of his property ; provided the rules of the law, in their application to the case, shall afford him no adequate remedy." Wangelin v. Goe, 50 Ill. 464 ; Brunnenmeyer v. Buhre, 32 Ill. 190.

The demurrer to the bill of complaint admitted appellants' title to the stock of goods and the fixtures, and their right to occupy the store-room in which they were situated, and that appellees were continuing trespassers in the store-room, and also in their intermeddling with the goods of appellants, at the time the injunction issued, and so an injunction to prevent the continuance of the trespass was within the power of the court and a proper remedy.    Newell et al. v. Sass, 142 Ill. 114 ; Trustees v. Stewart, 43 Ill. 85 ; Story's Equity Jurisprudence, Sec. 928.

C. S. CONGER and BRADBURY & MACHATTON, attorneys for appellees.

Before a court of equity will lend its aid to enjoin a mere trespass the facts and circumstances must be alleged in the bill from which it can be seen that irreparable mischief will be the result of the act complained of, and that the law can afford the party no adequate remedy. Goodell et al. v. Lassen, 69 Ill. 145.

A court of equity will only entertain a bill to enjoin a trespass to prevent a multiplicity of suits or to prevent irreparable injury. It will not interfere to prevent a trespass upon the ground of irreparable injury, unless the facts and circumstances are alleged, from which it can be seen that irreparable injury would be the result of the act complained of, and that there is no adequate remedy at law. C. P. S. E. v. McClaughry, 148 Ill. 380, 381; Coms. of Highway v. Green, 156 Ill. 507; High on Injunctions, Sec. 28, 698 and 701; Wangelin et al. v. Goe, 50 Ill. 459.

The writ of injunction is only called into use to afford preventative relief and never employed to correct wrongs and injuries already perpetrated, or to restore parties to rights of which they have been deprived. Menard et al. v. Hood et al., 68 Ill. 121.

MR. JUSTICE BIGELOW delivered the opinion of the court.

It appears that the parties on each side claim title to the property from a common source, and that defendant's claim, both of purchase and possession, is the elder. It would seem to be a fair inference to be drawn from the statements in the bill, that defendants were in full possession of the property at the time the injunction was granted, and if such were the fact, it could hardly matter how they got possession, since it is not the province of a court of equity to intervene merely to undo an act of trespass. An injunction is in its very nature prohibitive; its usual office is to restrain and not to give affirmative relief. It is true it may sometimes be invoked to prevent a trespass, as where the injury will be irreparable if committed, or where a multiplicity of suits must follow from the threatened act or acts.

But to give the court jurisdiction on the ground of irreparable injury, facts must be alleged in the bill showing wherein or for what reason the injury will be irreparable, and why a judgment for damages will not be adequate.

The courts of law open their doors for suitors who have been aggrieved. To these, all can apply who claim to have been damaged in person or property. Not so with courts of equity. Their doors open as a general rule, only to those who have no adequate remedy at law. For an injury to property, a judgment against a party who is solvent, is the remedy provided by our system of jurisprudence. In this case there is no claim that the defendants are insolvent and no reasons are given why the alleged injury will be irreparable. Nor is there any pretense that a multiplicity of suits will follow, if an injunction were denied; but on the contrary, appellants' counsel disclaim any right to an injunction on that ground, and seem to depend mainly upon the ground that a breach of the peace may be committed, if appellees are not enjoined.

If we are not mistaken in the inference we have drawn, no breach of the peace can occur, unless precipitated by appellants.

Tested by any rule of chancery jurisdiction known to us, the bill was fatally defective, and the demurrer to it was properly sustained, the injunction dissolved and the bill dismissed. Chicago Public Stock Exchange v. McCloughry, 148 Ill. 372, and authorities there cited.

No complaint is made as to the amount of damages assessed, and the decree of the Circuit Court is affirmed.