## LeRoy Burton, Appellee, v. Aetna Life Insurance Company et al., on appeal of T. J. Houston, Appellant.

### · Gen. No. 28,336.

INJUNCTIONS—*when injunction restraining public officer erroneous as improperly limiting performance of official duty.* An injunction restraining the State superintendent of insurance from unlawfully threatening insurance companies with revocation of their licenses as a punishment for accepting insurance from complainant, a solicitor, and from doing or threatening to do any "unlawful act" with a view to interfering with complainant's business, is erroneous where no particular act done or threatened to be done is designated in the order and the effect of the order is to coerce the superintendent in the performance of his official duties in all matters affecting the complainant to act in such a way as not to interfere with the latter's business, regardless of the official's legal duty or discretion.

Interlocutory appeal by defendant, Superintendent of Insurance, from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding. Heard in the Branch Appellate Court. Reversed. Opinion filed May 31, 1923. Rehearing denied June 11, 1923.

EDWARD J. BRUNDAGE and ROBERT N. HOLT, for appellant.

MYER H. GLADSTONE, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

Appellee, whose business was that of soliciting life insurance, filed his bill of complaint charging a conspiracy between the Aetna Life Insurance Company, the Columbian National Life Insurance Company, of each of which he was an agent, various named insurance agents and various other persons connected either with the Life Underwriters Association of Chicago or Managers' Association, and Thomas J. Houston, Superintendent of Insurance of the State of

Illinois, to destroy the business of complainant as insurance broker and agent, and praying that they be enjoined and restrained from interfering therewith, and that said Houston be enjoined and restrained from canceling and revoking the licenses and certificates of authority issued to complainant as agent of the above-named insurance companies, and that said companies be enjoined and restrained from refusing to accept business from him.

A temporary injunction was issued on the bill enjoining and restraining said companies and certain of said parties, including said Houston, from interfering with the complainant's business as insurance broker and agent, and enjoining and restraining said Houston from canceling and revoking the licenses and certificates issued to him as agent of said insurance companies until further order of the court.

After Houston had entered his appearance and filed a demurrer to said bill, an amended bill was filed, and later a motion by Houston to dissolve the injunction. Whereupon the court entered an order denying said motion but modifying the injunction so as to restrain and enjoin "defendant, T. J. Houston, Superintendent of Insurance in the State of Illinois," from unlawfully threatening any insurance company with revocation of its license to do business in the State of Illinois "as a punishment for accepting business from the complainant," and from doing or threatening to do any "unlawful act" with a view to interfering or tending to interfere with complainant's said business and so that "defendants herein" shall be enjoined from procuring or soliciting the said T. J. Houston to unlawfully threaten any insurance company with revocation of its license to do business in the State of Illinois "as a penalty for accepting business from the complainant," and from procuring or soliciting the said T. J. Houston to do or threaten to do any unlawful act with a view to interfering or tending to interfere with his business.

As the amended bill related back to the filing of the original bill (*Miller v. Cook,* 135 Ill. 190, 203), we regard the appeal as practically one from a denial of the motion to dissolve the injunctional order as modified; and as Houston alone has appealed, we need consider the order only as it relates to him.

The amended bill is too lengthy to set forth. Much of it is redundant, argumentative, and a statement of the pleader's conclusions. We need set forth only its substance. After setting forth complainant's business as aforesaid, and that he has worked up a large clientele and valuable business, and that he has been for three years a licensed agent of the two named insurance companies with which he has a contract for compensation, the one with the Columbian National Company being subject to cancellation on a ten-day notice, and the one with the Aetna Company being a verbal one terminable at any time, the bill charges in general language a conspiracy between certain named persons connected with life insurance to ruin and destroy his said business, and sets forth as overt acts that these persons solicited general agents of all life insurance companies doing business in Chicago to refuse to accept any business from complainant, and to deter him from obtaining any application for life insurance or placing the same with any life insurance company, and that they caused certain other insurance companies, of which complainant had previously been an agent, to refuse to accept any business from him or to renew their contracts with him by falsely charging that he had misrepresented their policies to the public.

The bill then sets forth Houston's official position as aforesaid, and avers that he "has joined" said conspiracy, and "that one of the principal roles in said conspiracy" exercised by him has been to require the Aetna Life Insurance Company to demand a signed statement from each applicant for insurance obtained by complainant that the applicant is not seeking said insurance for the purpose of replacing any other life

insurance which he may have at that time, and that said requirement was for the sole purpose of injuring complainant in his business, and that for the same purpose said Houston has threatened to revoke the licenses of said two insurance companies if they continued to accept any business from him or refused to cancel their respective contracts with him, and has likewise threatened to cancel and revoke complainant's licenses and certificates of authority if not restrained, and that the two insurance companies, fearing that said Houston would carry out said threat, have already refused to accept business from complainant, and they and their agents have been "compelled to join the conspiracy." The right to equitable relief is predicated upon irreparable injury to complainant's business and the theory of avoidance of a multiplicity of suits.

Briefly stated, the injunctional order as changed restrains all defendants other than Houston from procuring or soliciting Houston, as State Superintendent of Insurance, to do or threaten to do "any unlawful act" having a tendency to interfere with complainant's business, and specifically from procuring him to threaten any insurance company with revocation of its license "as a penalty for accepting business from complainant."

So far as it relates to said Houston, it manifestly seeks to enjoin him from acting in an official capacity, first, by restraining him from "unlawfully" threatening any insurance company with the revocation of its license "as a punishment for accepting business from complainant," and second, from doing or threatening to do any "unlawful act" with a view or tending to interfere with complainant's business.

An injunction should be so clear and certain in its terms that the defendant may readily know what he is restrained from doing. (22 Cyc. 958.) When analyzed, the order, so far as it relates to appellant, restrains him from performing acts which fall within

the range of his official power or duties, but only in
case he acts from improper motives. In other words,
without designating any particular act done or threat-
ened by such official that is unlawful in itself, the order
merely attacks his motives for such action, apparently
recognizing his statutory authority to revoke licenses
and certificates of authority, for the restraint imposed
upon him is only in case he exercises the authority
either to punish the companies for accepting business
from complainant, or with the ulterior view of inter-
fering with complainant's business. In effect, the re-
straint imposed on such public officer is not against
doing any act that is unlawful in itself or specifically
shown to be such by any averments in the bill, but
only in case the official contemplates exercising his
power with the specific purpose or motive of affecting
complainant's contracts with the two companies,—
which it appears from the bill they had already ter-
minated when the bill was filed—or any contracts that
he may make in the future. In other words, the in-
junction purports to be granted on the assumption that
whatever action Houston as a public officer takes that
might affect complainant's business adversely will be
taken from the improper motive to injure him or his
business.

Not only do we think that it cannot readily be known
from the injunction what particular "unlawful" act
not within the range of his official power said officer is
restrained from doing, but in the absence of any aver-
ments in the bill tending to show that such officer has
a personal or private interest in the premises it will
not be presumed that he will act otherwise than offi-
cially and as authorized by the statute to act in the
discharge of his official duties. (*Collins v. Weigsel-
baum*, 126 Ill. App. 158, 165.)

The duties of the Superintendent of Insurance, who
is now made an officer in the Department of Trade and
Commerce by the Civil Administrative Code (chapter
24a, secs. 3, 4, 56, Cahill's Ill. St.), are such as were

formerly performed by the State Auditor and are prescribed in the Insurance Acts (chapter 73), which are regulatory in character and an exercise of the police power of the State. (*North American Ins. Co. v. Yates*, 214 Ill. 272.) Under our statute foreign insurance companies doing business in this State are required to take out a license to do business in this State which may be revoked by the Superintendent of Insurance under certain circumstances. (Chapter 73, ¶¶ 72, 73, Cahill's Ill. St.) In the exercise of the power formerly vested in the State Auditor, the Superintendent of Insurance may direct inquiries to any life insurance company in relation to its doings or conditions or any other matter connected with its transactions, and revoke its certificate of authority on its failure to answer such inquiries. (Chapter 73, ¶¶ 336, 337, Cahill's Ill. St.) By paragraph 346, Cahill's Ill. St., insurance agents for foreign companies are held subject to the duties, requisitions, liabilities and penalties set forth in our laws relating to such companies.

In the exercise of these powers and duties the Superintendent of Insurance acts in a *quasi* judicial capacity. Where like officers act on matters properly pertaining to their jurisdiction, courts of equity will not interfere by injunction for the purpose of controlling their actions or to review and correct errors in their proceedings, the proper remedy, if any, being at law by writ of certiorari. (High on Injunctions, vol. 2, sec. 1311, 4th ed.; *Sanner v. Union Drainage Dist.*, 175 Ill. 575, 582.) And, as a general rule, a court of equity will not interfere with the public duties of any of the departments of government. (*Chicago Public Stock Exchange v. McClaughry*, 148 Ill. 372, 380; *Heffren v. Hutchins*, 160 Ill. 550, 554; *Gaines v. Thompson*, 7 Wall. [U. S.] 347.) Nor enjoin the exercise of police power given by law. (*Chicago Public Stock Exchange v. McClaughry, supra.*)

Under the Insurance Act the insurance commission-

er is vested with power to determine questions of fact, and it is a familiar rule that an officer exercising or required to exercise such power cannot be compelled to exercise his discretionary duty or to find a fact in any particular way. (*People v. Illinois State Board of Dental Examiners*, 110 Ill. 180; *People v. Potts*, 264 Ill. 522, 532.) The apparent purpose of this bill is to compel the State Superintendent of Insurance, in exercising his power of inquiry into the conditions or transactions of the life insurance companies with which complainant is or may be connected, to decide in such a way as not to affect complainant's interests adversely, regardless of what may be his duty or discretion in the premises. In fact we think the bill seeks to interfere with appellant's performance of his official duties.

Appellant's motion to dissolve the injunction was tantamount to a demurrer, and we think the bill, so far as it relates to him, is demurrable, and as to him the order will be reversed. We do not pretend to pass on the rights of the parties not appealing.

*Reversed.*

GRIDLEY and FITCH, JJ., concur.