EDWARD B. HEFFRAN

*v.*

AMASA HUTCHINS, Mayor.

*Filed at Ottawa March 28, 1896.*

1. OFFICERS—*removal of a city officer by the mayor—effect.* Removal by the mayor of a city officer, under the statute, (Laws of 1879, p. 65,) takes effect at once and deprives the removed officer of the right to further discharge the functions of the office, notwithstanding the provisions for the subsequent filing of charges by the mayor and the subsequent action of the city council thereon.

2. INJUNCTION—*will not lie to enforce political rights—power of court of equity.* An injunction will not lie to restrain the mayor of a city

from interfering with the exercise of an office by an officer whom he has removed, upon the ground that the removal was illegal and no successor was appointed, as the court cannot determine political questions between the mayor and council or exercise jurisdiction in determining the right to an office.

*Hutchins* v. *Heffran*, 56 Ill. App. 581, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Winnebago county; the Hon. JOHN D. CRABTREE, Judge, presiding.

Appellant was chief of the fire department of the city of Rockford, having been appointed in the spring of 1891, and was the incumbent of that office in 1893, when the appellee was selected mayor of that city. The office of fire marshal, the chief of the fire department, is one to which the mayor appoints with the consent of the city council. After appellee became mayor, in 1893, appellant desired to be re-appointed, but the mayor appointed Stephen T. Julian, whose appointment was neither confirmed nor rejected by the city council, but was laid on the table by a vote of nine to five and not subsequently acted upon, and for the year following appellant discharged the duties of the office. Again Julian was appointed by the mayor, and his appointment was rejected by the city council. The mayor then appointed Frank E. Peats, who was also rejected by the city council. Then Frank E. Thomas was appointed, with a like result. On the 7th of May, 1894, appellee removed appellant, and directed him to vacate the office and turn over the property of the department in his possession to a subordinate officer, and threatened to eject him if he refused to comply. On the next day appellant sued out this writ of injunction, ordered by the master in chancery, enjoining appellee from removing or interfering with appellant, etc. A motion to dissolve, heard before the circuit judge at chambers, resulted in a modification of the injunction, restraining appellee, as mayor, from all interference with

appellant in his office until he should be lawfully removed or his successor appointed and qualified. On a hearing this decree was made perpetual, and the appellee appealed to the Appellate Court for the Second District, where the decree was reversed, with directions to dissolve the injunction and dismiss the bill. From the judgment of the Appellate Court this appeal is prosecuted by this appellant, who assigns error in reversing the decree of the circuit court and remanding the cause with directions to dismiss the bill.

N. C. WARNER, for appellant:

Appellant was in possession, both *de jure* and *de facto*, holding over until his successor was duly appointed and qualified. Ordinances of Rockford, 1892, sec. 4, chap. 15; *People ex rel.* v. *Town of Fairbury*, 51 Ill. 152.

No one else appearing to have been appointed to succeed appellant, and he being entitled to hold the office until his successor should be appointed and qualified, he cannot be held an usurper of the office. *Soucy* v. *Mc-Cracken*, 21 Ill. App. 372.

Where a statute requires a formal charge as a condition precedent to the removal of an officer, the power attempting removal cannot act capriciously or to satisfy personal desire, but the charge must be, as at common law, of a serious nature. *People ex rel.* v. *Mays*, 117 Ill. 261; 1 Dillon on Mun. Corp. secs. 251, 255; *People ex rel.* v. *Nichols*, 79 N. Y. App. 588.

The actual incumbent of an office may be protected, in equity, upon a contest as to his title, from interference with his possession and with the exercise of his functions. *First Church* v. *Stewart*, 43 Ill. 81; 2 High on Injunctions, (2d ed.) sec. 1315, p. 866; *Owen* v. *Crossett*, 105 Ill. 357; Mechem on Public Offices, secs. 994, 995.

A fire marshal duly appointed and qualified, in the actual possession and enjoyment of his office, can successfully invoke the aid of a court of chancery to prevent

an unauthorized assault upon his office, sought to be taken away from him by the use of force and violence and placed in the hands of one not his official successor. *Railway Co.* v. *Railway Co.* 36 La. Ann. 561; *Brady* v. *Sweetland,* 13 Kan. 41; *Ryan* v. *Brown,* 18 Mich. 212; *Osborn* v. *Bank,* 9 Wheat. 738; *Cooper* v. *Alden,* Harr. Ch. 72; *Brown* v. *Gardner,* id. 291; Mechem on Public Offices, secs. 994, 995, 997; *Armitage* v. *Fisher,* 26 N. Y. Sup. 167; *Mayer* v. *Stone Cutters' Ass.* 47 N. J. Eq. 528; 3 Pomeroy's Eq. Jur. sec. 1357, p. 2091; 2 Story's Eq. Jur. (13th ed.) secs. 927, 928, 933; *Reid* v. *Moulton,* 51 Ala. 263; *Ex parte Scott,* 47 id. 411; High on Injunctions, (3d ed.) secs. 1212, 1315; *Kerr* v. *Krego,* 47 Pa. St. 295; Hilliard on Injunctions, (3d ed.) sec. 1, p. 486.

GARVER & FISHER, for appellee:

Chancery has no jurisdiction to interfere with the public duties of any of the departments of government. Even if equity was a remedy in such a case, we insist that complainant is, at best, only a *de facto* officer, and as such can claim nothing for himself. *People* v. *Weber,* 86 Ill. 285.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Two questions are presented on this record. The first is as to the right of the mayor of the city to remove an officer appointed and confirmed, etc.; and the second is as to the jurisdiction of the court of chancery to enjoin the mayor from so removing such officer.

By section 7, article 2, chapter 24, of the Revised Statutes, it is declared : "The mayor shall have power to remove any officer appointed by him, on any formal charge, whenever he shall be of the opinion that the interests of the city demand such removal, but he shall report the reasons for such removal to the council at a meeting to be held not less than five days nor more than ten days after such removal; and if the mayor shall fail or refuse to file with the city clerk a statement of the reasons for such removal, or if the council, by a two-thirds (⅔) vote

of all its members authorized by law to be elected, by yeas and nays to be entered upon its record, disapprove of such removal, such officer shall thereupon become restored to the office from which he was so removed; but he shall give new bonds and take a new oath of office. No officer shall be removed the second time for the same offense."

Under this section the right to remove is conferred, and when exercised, the officer so removed no longer has a right to exercise the duties of the office. The fact that after such removal time is given the mayor to file charges with the clerk, and the further fact that if by a two-thirds vote the council disapproves the removal, etc., such officer shall thereupon become restored and shall file new bond, etc., preclude the idea that after removal by the mayor such officer shall act until after the action of the city council. When the order for removal was made and the officer directed to turn over the property in his possession to another, it was his duty to comply with that order, and he no longer had any right to discharge the functions of the office.

It is not within the jurisdiction of a court of equity to interfere with the public duties of the departments of government. (*Chicago Public Stock Exchange* v. *McClaughry*, 148 Ill. 372.) Its jurisdiction pertains only to questions of the maintenance of civil rights,—property rights, as contradistinguished from political rights. (*City of Chicago* v. *Wright*, 69 Ill. 318; *Delahanty* v. *Warner*, 75 id. 185; *Sheridan* v. *Colvin*, 78 id. 237.) It can have no jurisdiction to determine political questions between the mayor and council of a city concerning the appointment and removal of officers, nor can it exercise jurisdiction in determining the right of a party to an office.

The injunction was improperly issued, and should have been dissolved. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

CARTWRIGHT, J., took no part.