## George Turner v. City of Chicago.

1. CITY COUNCIL—*Power to Fix the Term of Officers Appointed by it.*— The city council of the city of Chicago may, by ordinance, fix the term of office of an officer, not exceeding two years, for the appointment of whom it has power, but there can be no increase or diminution of his salary where none has been provided for such officers.

2. SAME—*Power to Fix Salaries.*—The city council may fix the salaries of such city officials in the *annual* appropriation bill for one year, and may do so in the annual appropriation bill for the next and each successive year, but having once been so fixed for that particular year, it is forbidden to increase or diminish any such salary during the year for which the appropriation has been made, implying that any such increase or diminution must and can be made in and by the next annual appropriation bill, or by some ordinance prior to its passage.

3. OFFICERS—*Sufficient Notice of Removal.*—The city council of the city of Chicago failed to make an appropriation for the payment of the salary of a police court bailiff, and the city comptroller, acting under the direction of the mayor, served a notice upon him as follows: "The council having refused to appropriate for the payment of salaries to police court bailiffs for the year 1896, you are hereby officially notified that after this date your services are no longer required by the city of Chicago. You will therefore make your report to this office and imme-

diately turn over all moneys, executions and other property belonging to the city now in your hands." This was held to be in effect a removal of the plaintiff from office, notwithstanding there was no formal charge.

Assumpsit, for an officer's salary. Trial in the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Judgment for defendant on demurrer to plaintiff's replication to defendant's special plea. Error by defendant. Heard in the Branch Appellate Court, First District, March term, 1898. Affirmed. Opinion filed June 21, 1898.

## STATEMENT.

Plaintiff in error sued the city of Chicago in assumpsit for salary as police court bailiff, from March 1, 1896, to February 5, 1897, at the rate of $1,000 per annum. Defendant pleaded specially, to which plaintiff replied, and a general demurrer was filed to plaintiff's replication, which was sustained, and plaintiff electing to stand by his replication, judgment was rendered against him for costs.

The office of police court bailiff was created by a city ordinance, enacted November 8, 1886, providing that such officer may be appointed by the mayor, by and with the consent of the council, biennially.

May 20, 1895, plaintiff was appointed, the council having, March 8, 1895, passed the annual appropriation ordinance, in which it appropriated for salaries of police court bailiffs, $1,000 each. The salary was not fixed by any general ordinance, or in any other way than by the appropriation bill.

Plaintiff acted as bailiff until March 3, 1896, when he received a communication from the comptroller, acting under the direction of the mayor, which was as follows:

" The council having refused to appropriate for the payment of salaries to the police court bailiffs for the year 1896, you are hereby officially notified that after this date your services are no longer required by the city of Chicago. You will therefore make your report to this office and immediately turn over all moneys, executions and other property belonging to the city, now in your hands."

Plaintiff received the salary for the year as provided in the appropriation.

The annual appropriation ordinance of March 2, 1896, made no provision for bailiffs, the chief of police having advised that regular patrolmen could perform the duties of the office.

The mayor did not report to the city council nor file with the city clerk a statement of reasons for the removal, nor did plaintiff give new bonds or take a new oath of office in accordance with the provisions of Section 7, Art. 2, Chap. 24, R. S.

JESSE B. BARTON, attorney for plaintiff in error.

CHARLES S. THORNTON, corporation counsel, WILLIAM H. SEXTON, assistant corporation counsel, attorneys for defendant in error.

MR. JUSTICE FREEMAN, after making the foregoing statement, delivered the opinion of the court.

The statute provides (Section 271, Chap. 24, R. S.) that the council or legislative authority of the city may establish and fix the amount of salary to be paid any and all city officers, except members of such legislative body, in the annual appropriation bill or ordinance, made for the purpose of providing for the annual expenses of any such city, or by some ordinance prior thereto; and the salaries thus fixed shall neither be increased nor diminished by the council after the passage of such annual appropriation bill, "during the year" for which such appropriation is made, and no extra compensation shall ever be allowed to any such officer.

It is contended that as the plaintiff was appointed to an office, the term of which was two years, and the salary of which was fixed at one thousand dollars for the fiscal year of 1895, by the appropriation ordinance of that year, the salary became and was thereby fixed at that sum for the entire term.

If the city council may fix the salaries of such city officials in the annual appropriation bill for one year, it is

difficult to perceive why it may not do so in the annual appropriation bill for the next and each successive year. Having once been thus fixed for that particular year, the council is forbidden to increase or diminish any such salary during the year for which the appropriation has been made, thus implying that any such increase or diminution must be and can be made in and by the next annual appropriation bill or by some ordinance prior to its passage.

It is not claimed in this case that the appropriation bill of 1895 fixed the salary for two years in specific terms, nor is it claimed that this had been done by the ordinance of November 8, 1896, creating the office of police court bailiff, or by any other ordinance; but it is said that the passage of the appropriation bill was equivalent to providing that the salary fixed for the year 1895 should be the salary for the remainder of the term, and that to hold otherwise would either annul the power of the city council to fix a term of office longer than one year, or would empower it to nullify the constitutional provision forbidding the salary of a municipal officer to be increased or diminished during his term.

The city council may by ordinance fix the term of office, not to exceed two years, of officers for the appointment of whom it has power to provide. (Sec. 23, Art. VI, Chap. 24, R. S.) But conceding that the constitutional provision is applicable to an office so created by the city council, there can be no increase or diminution of a salary where none has been provided. In this case the city council, according to the pleadings, appropriated a specific sum for payment of a salary to plaintiff for one year, and this was paid. No salary was established and no provision made for any other or longer term.

The act which thus empowers the city council to provide for the appointment of such officers as it may deem expedient and to prescribe the term of such office, provided it shall not exceed two years, is not inconsistent with the provisions of the act enabling the city council also to establish and fix the salaries of such officers each year in the annual appro-

priation bill.   When the term of an office so created by an ordinance of the city council is fixed at two years, it is so fixed subject to the power of the council to establish a salary for each year of the term in the appropriation bill for that year, unless otherwise expressly provided.   No salary in this case was ever attached to the office.   A definite sum was appropriated in the appropriation bill of 1895, and in the absence of any other or different provision this was the entire salary which the plaintiff ever became entitled to, without reference to the term for which he was appointed.

Plaintiff accepted the office and undertook its duties with full knowledge that no other or further provision for salary had been made.   The mere creation of an office with a fixed term does not necessarily imply nor include any fixed salary; and if with no salary specified the council sees fit to provide a certain compensation for one month or one year, we know of no rule of construction which would permit us to hold that the city thereby became liable at the same rate for the whole term.

This is not a case where services have been rendered without compensation therefor, in and for a part of a new fiscal year, under an implied agreement and understanding that the city council would, in the appropriation ordinance of that year, provide for the accustomed salary.   No claim is made that plaintiff has not been paid in full for all the time during which he performed the duties of the office.

Plaintiff contends that the official notice which he received from the comptroller, by direction of the mayor, was not a removal.   We regard the notice as sufficient.   It was in effect a removal of plaintiff from office, notwithstanding there was no formal charge.   Hutchins v. Heffron, 56 Ill. App. 581; also, 160 Ill. 550.

We are of opinion that the demurrer was properly sustained, and the judgment of the Circuit Court will therefore be affirmed.