## James A. Marshall v. Board of Managers Illinois State Reformatory.

1. EQUITY JURISDICTION—*To Restrain Removal of Party from Office.* —In this State a court of equity has no jurisdiction to restrain the removal of a party from office, even though such removal may be unjustly or improperly made, or to contest the right of a party to remain in office.

2. SAME—*Subject-matter of.*—The subject-matter of the jurisdiction of the court of chancery is civil property.   The court is conversant only with questions of property and the maintenance of civil rights, and its jurisdiction is founded upon injury to property, whether actual or prospective.   It has no jurisdiction in matters merely criminal or merely immoral, which do not affect any right to property, nor do matters of a political character come within its jurisdiction.

3. QUO WARRANTO—*Proper Remedy Where Officer Has Been Improperly Removed.*—Where an officer has not been properly removed, and a successor can not, therefore, be legally appointed, the question can be settled by quo warranto against the person claiming to be his successor in office.

4. MANDAMUS—*When the Proper Remedy.*—Where the title to the office is not in dispute, mandamus will lie to restore the person entitled to it.

Bill for an Injunction.—Appeal from the Circuit Court of Livingston County; the Hon. JAMES H. MOFFETT, Judge presiding.   Heard in

66    APPELLATE COURTS OF ILLINOIS.

VOL. 103.] Marshall v. Board of Managers Ill. State Reformatory.

this court at the April term, 1902.    Affirmed.    Opinion filed August 7,
1902.

C. C. STRAWN and H. H. McDOWELL, attorneys for appel-
lant.

H. J. HAMLIN, attorney-general, for appellee; GEORGE B.
GILLESPIE, of counsel.

An injunction will not issue to prevent city officials from
removing a member of the police force on the ground that
they are acting from improper motives and are so preju-
diced that he can not have a fair hearing.   Reeves v. Grif-
fin, 29 Weekly Law Bulletin, 281; Reeves v. Rose, Id.

The power to hold an election is a political and not a
judicial one, and a court of equity has no jurisdiction to
restrain officers from the exercise of such power.   Harris
v. Schryock, 82 Ill. 119.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a bill in equity by James A. Marshall against
the Board of Managers of the Illinois State Reformatory,
Samuel Fallows, John J. Lane, Garret De Forest Kinney
as managers, and M. M. Mallary as general superintendent
of the reformatory and ex-officio secretary of said board
of managers, seeking to enjoin them from deposing or
removing him from the office of physician of said reforma-
tory, and from in any manner excluding him from the insti-
tution or interfering with or obstructing him in the
administration of the duties of his said office.

A temporary injunction was granted and an answer filed
in which the defendants prayed the same advantage thereof
as if they had pleaded or demurred to the bill of com-
plaint.   A motion was then made by the defendants to dis-
solve the injunction.   Numerous affidavits, both in support
of and against the motion to dissolve, were presented by the
respective parties.

The cause was heard upon the bill of complaint, with
the amendment thereto, the answer and replication, and
upon such pleadings alone.   There was a decree in which
the court found that it had no jurisdiction in the premises,

and the temporary injunction was accordingly dissolved and the bill dismissed for want of equity. The presiding judge certified that he did not consider any of the affidavits in passing upon the cause, but that he heard and determined the questions involved, solely upon the legal proposition presented, " as to whether or not equity had jurisdiction of the subject-matter," and held that equity did not have such jurisdiction; that it was for such reason alone the injunction was dissolved and the bill dismissed. The complainant below appealed and the temporary injunction was continued in force, by order of the court, pending the appeal. The bill and the amendment thereto set up portions of the act establishing the Illinois State Reformatory, providing, among other things, for the appointment, by the board of managers, of a general superintendent, chaplain and physician, with power on the part of the board to remove them for causes impairing the faithful and intelligent administration of their office, after opportunity given to the officers so charged, to be heard upon written charges; that in pursuance of such provision of said act, appellant was appointed by the board of managers, physician of said institution, and that from such date to the present time he has exercised and is still exercising the functions of his office with punctuality, skill and fidelity, and has never been guilty of any act or neglect of duty impairing the faithful and intelligent administration of his said office; that certain of the members of the board of managers, constituting a quorum of the board, together with the secretary of the board, conspired with certain other persons, who are named, for the purpose of fraudulently, wrongfully and illegally deposing appellant from his office of physician of said reformatory for political and partisan purposes; that said charge was not made in good faith, but was used as a pretext and subterfuge to fraudulently, wrongfully and illegally depose appellant from his office and appoint another person thereto to further such political and partisan purposes; that various attempts were made, which are set out at length, by certain members of the board and

68    Appellate Courts of Illinois.

Vol. 103.] Marshall v. Board of Managers Ill. State Reformatory.

others, to compel appellant to resign, which were unsuccessful; that on September 20, 1901, charges were preferred against appellant of neglect of duty, but that appellant has never failed or refused to perform any service or duty requested of him or brought to his attention by the board of managers, general superintendent, or any other official of said reformatory; that the board of managers had declared its intention and threatened to remove appellant from said office and appoint another person in his stead, and that he was without remedy, save in a court of equity. An injunction was accordingly prayed for, as above set forth. The answer denies any combination on the part of appellees to fraudulently, wrongfully or illegally remove and depose appellant from his said office, but alleges that appellant has been 'guilty of neglect of his duties as physician for the 'institution. It also avers that on September 20, 1901, the day the charges against appellant above mentioned were filed with the board of managers, notice was given, according to law, to appellant, to appear before the board on the 27th day of September, 1901, to answer said charges.

This bill was filed on September 26, 1901, the day before the time fixed by the board for hearing the charges.

The question presented is whether or not the pleadings show such a case as to warrant a court of equity in exercising its jurisdiction and granting the relief sought. We regard the law as well settled in this state that a court of equity has no jurisdiction to restrain the removal of a party from office, even though such removal may be unjustly or improperly made, or to contest the right of a party to remain in office.

In the case of Delahanty v. Warner et al., 75 Ill. 185, a bill was filed by Delahanty claiming that he had been unlawfully removed from his office as superintendent of streets in the city of Peoria, and seeking to enjoin the aldermen and mayor from appointing a successor and from interfering with complainant in the discharge of his duties as street commissioner. The Supreme Court in passing upon the case used the following language:

" The court below dissolved the temporary injunction which had been issued and dismissed the bill for want of equity. In this we perceive no error. Appellant's remedy was complete at law. High on Injunction, Sec. 781. If he was not properly removed and a successor can not, therefore, be legally appointed, the question can be settled by quo warranto against the person claiming to be his successor in office. People v. Forquer, Breese (Beecher's Ed.), 104; People v. Matteson, 17 Ill. 168. By mandamus, the mayor and aldermen may be compelled to restore to him any evidence of his right to the office, or any property pertaining thereto which they may have improperly withheld from him. People v. Head, 25 Ill. 325; People v. Kilduff, 15 Ill. 492; People v. Hilliard, 29 Ill. 414. And where the title to the office is not in dispute, mandamus will lie to restore the person entitled to it. Street v. County Commissioners, Breese (Beecher's Ed.) 50; People v. Stevens, 5 Hill, 616. Nor can there be any doubt of appellant's having a complete remedy at law for any fees and emoluments pertaining to the office of which he may have been unlawfully deprived by the action of the mayor and aldermen."

In the case of Sheridan v. Colvin, 78 Ill. 237, it appeared that the city council had passed an ordinance, approved by the mayor, providing for the appointment of a city marshal and abolishing the board of police of the city of Chicago. It also provided that the marshal should exercise the authority formerly exercised by that board. A temporary injunction was issued upon a bill filed by the commissioners of the board of police, restraining the mayor, common council and certain other officers from acting under said ordinance. In discussing the question as to whether a court of chancery had jurisdiction to interfere in such case, it is said by the court :

" We are clearly of opinion that it had not. The subject is purely political. The only title to relief shown by the bill is that arising from the mere fact of complainants being police commissioners, vested, as it is alleged, with the entire control of the police force, etc. The bill does not go upon the theory of any property right, but is an application to a court of equity to restrain the city council and other officers of the city from carrying said ordinance into effect, on the ground that it will deprive them of the functions of their office. It is elementary law, that the subject-matter

70    APPELLATE COURTS OF ILLINOIS..

VOL. 103.] Marshall v. Board of Managers Ill. State Reformotory.

of the jurisdiction of the court of chancery is civil property. The court is conversant only with questions of property and the maintenance of civil rights. Injury to property, whether actual or prospective, is the foundation on which the jurisdiction rests. The court has no jurisdiction in matters merely criminal or merely immoral, which do not affect any right to property. Nor do matters of a political character come within the jurisdiction of the court of chancery. * * * Again in High on Injunction, the author says: ' A court of equity is not a proper tribunal for determining disputed questions concerning the appointment of public officers, or their right to hold office, such questions being purely of a legal nature, and cognizable only by courts of law. Thus, equity will not interfere, by injunction, to restrain persons from exercising the functions of public offices, on the ground of the illegality of the law under which their appointments were made, but will·leave that question to be determined by a legal forum; and a temporary injunction, granted *pendente lite*, and until the question of the validity of the law under which defendants claim their office can be determined, will be dissolved."

In Fletcher v. Tuttle, 151 Ill. 41, it is said :

The question, then, is, whether the assertion and protection of political rights, as judicial power is apportioned in this state between courts of law and courts of chancery, are a proper matter of chancery jurisdiction. We would not be understood as holding that political rights are not a matter of judicial solicitude and protection, and that the appropriate tribunal will not, in proper cases, give them prompt and efficient protection, but we think they do not. come within the proper cognizance of courts of equity."

In Heffran v. Hutchins, 160 Ill. 550, it is held :

" It is not within the jurisdiction of a court of equity to interfere with the public duties of the departments of government. Its jurisdiction pertains only to questions of the maintenance of civil rights—property rights—as contradistinguished from political rights. It can have no jurisdiction to determine political questions between the mayor and council of a city concerning the appointment and removal of officers, nor can it exercise jurisdiction in determining the right of a party to an office."

The doctrine laid down by the above cases is not peculiar to the reports of this state alone. In the case entitled

In re Sawyer, 124 U. S. 200, the court announces the following rule :

" It is equally well settled that a court of equity has no jurisdiction over the appointment and removal of public officers, whether the power of removal is vested, as well as that of appointment, in executive or administrative boards or officers, or is intrusted to a·judicial tribunal.   The jurisdiction to determine the title to a public office belongs exclusively to the courts of law, and is exercised either by certiorari, error or appeal, or by mandamus, prohibition, quo warranto, or information in the nature of a writ of quo warranto, according to the circumstances of the case, and the mode of procedure established by the common law or by statute."

Such right as appellant had to the office in question was purely a political right and not a property right.

We therefore conclude from the above authorities, that a court of chancery had no jurisdiction over the subject-matter of the bill filed in this case.   If appellant shall be unlawfully removed his remedy is at law and not in equity.

The decree of the court below·dissolving the temporary injunction and dismissing the bill for want of equity, was proper and is accordingly affirmed.