The City of Chicago *et al.*

*v.*

The People *ex rel.* Cobden G. Gray.

*Opinion filed June 23, 1904.*

1. Mandamus—*proper pleadings in mandamus.* The petition for *mandamus* performs the office of the alternative writ, the answer that of the return, and the succeeding pleading should be a common law replication and be designated as a replication.

2. Same—*when petition for mandamus is obnoxious to demurrer.* A petition for *mandamus* seeking to compel petitioner's re-instatement as a police patrolman and payment of salary during the time of his suspension is obnoxious to demurrer in seeking two kinds of relief, one of which, his re-instatement, must precede his right to the other, the collection of back salary.

3. Same—*when statement in petition for mandamus is legal conclusion.* A statement in a petition for *mandamus* to compel petitioner's re-instatement as police patrolman, that the action of the various officers connected with his removal was "wholly unauthorized and without justification or excuse, fraudulent and contrary to and in disregard of the legal rights of petitioner," is a legal conclusion.

4. Same—*when demurrer cannot be carried back to petition.* A demurrer to a replication to the answer in a proceeding for *mandamus* cannot be carried back to the petition, where the respondent, after the overruling of his demurrer to the petition, filed an answer presenting a complete defense, to which answer the replication demurred to was filed.

5. Civil service—*when discharge of officer is unwarranted.* Discharge of a police patrolman is unwarranted where the trial board which investigated the charges against him was not constituted as required by the rules of the civil service commission, and where the accused had no opportunity to be heard in his own defense.

6. Same—*when action of civil service commission is not subject to review.* If a trial of a civil service employee is held in the manner pointed out by the statute, before the proper board, and evidence is heard tending to show the guilt of the accused, the action of the civil service commission based upon the finding of the board is not reviewable by the courts.

7. Municipal corporations—*when a city cannot be compelled, by mandamus, to pay money from fund.* A municipal corporation can not be compelled, by *mandamus*, to pay money out of a fund when no appropriation for that fund has been made or when the appropriation for that fund has been lawfully exhausted.

*City of Chicago* v. *People,* 111 Ill. App. 594, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

The relator, Cobden G. Gray, a police patrolman, filed a petition for *mandamus* against appellants, in the superior court of Cook county, on May 19, 1902, to compel the city of Chicago and the general superintendent of police, O'Neill, to place petitioner's name upon the roster of police patrolmen, from which it had been omitted and excluded by one Joseph Kipley, a former general superintendent of police of said city, and to place his name upon the police pay-roll, from which it had been omitted and excluded by said last mentioned superintendent of police; also to compel the civil service commissioners of said city (naming them) to certify petitioner's name to the comptroller of said city as a person entitled to pay as a police patrolman of said city, and to compel the city and comptroller thereof, Lawrence E. McGann, to pay to the petitioner his salary of $83.33 per month, less one per cent for the police pension fund, from January 31, 1900, to April 30, 1902, making the sum of $2227.50, and to pay petitioner his said salary henceforth as the same accrues, less said one per cent to be paid to the police pension fund. It is alleged in said petition that said superintendent of police arbitrarily and wrongfully, and without legal cause or excuse, caused petitioner's name to be omitted and excluded from the pay-roll of the police department of said city, and that said civil service commission wrongfully refused to certify his name and salary on the police pay-roll to the comptroller, and that the comptroller had wrongfully refused to pay his said salary, although the city council had made appropriations therefor in the years 1900, 1901 and 1902.

The appellants answered, in substance, that written charges had been filed by said Kipley, superintendent of

police, with the civil service commission against petitioner, wherein he was charged with immoral conduct or conduct unbecoming a police officer; that said charges were investigated by a trial board (naming the members thereof) appointed by the civil service commission, which, after a hearing, found petitioner guilty, and that decision was approved by the civil service commission, pursuant to which petitioner was discharged from his position as police patrolman of said city on January 31, 1900, and had not since that date served as police patrolman nor performed any duties of such office or position; that pursuant to said proceedings his name was dropped from the pay-roll of said city; also denied that any appropriation was made by the city council in 1900, 1901 or 1902 to pay petitioner as police patrolman of said city, and denied that any appropriation was made for the payment of petitioner as police patrolman of said city since January 31, 1900. The answer also avers, in substance, that there was not at the time of the filing of the petition, or at any time since that date, any money whatsoever in the possession or under the control of any of the appellants, belonging to said city or appropriated by the city council, which could or might be used for the purpose of paying petitioner his said demands.

The petitioner replied to the answer, in substance, that the said charges were not investigated by a trial board appointed by said civil service commission, as alleged in the answer, and that the board which investigated the charges was not composed of the officers and persons who, under the rules and regulations of said commission, should have constituted said board, and that its finding was therefore null and void.

Petitioner further replied to said answer that the finding and decision of said board were had and procured by the fraud of the said Kipley; also that said board, under the rules and regulations of the civil service commission, which are stated in detail, should have, as a

member thereof, a representative from that commission, who should, with other members sufficient to constitute a quorum, act as a board for the trial of charges such as were made against petitioner, and that said civil service commission had no such representative on such board which tried petitioner; and the replication alleges that because said trial board was not so properly constituted as aforesaid, under the rules and regulations of said civil service commission, the said finding and decision were void, and were also void because of the said fraud of said Kipley.

Appellants demurred generally to both replications, but the court overruled the demurrer and they elected to stand by it, whereupon judgment was entered by the court on October 6, 1902, that the writ of *mandamus* issue, commanding the proper officers to place the name of relator upon the roster of police patrolmen and upon the police pay-roll, and commanding the city of Chicago and Lawrence E. McGann, the comptroller, to pay relator his salary of $83.33 per month, less one per cent, from January 31, 1900, to September 30, 1902, making the sum of $2639.90, and to pay him "his salary of $83.33 per month, less one per cent, from September 30, 1902, henceforth as the same accrues, and to pay the one per cent thereof into the said police pension fund."

The foregoing statement of facts is taken, in great part, from the opinion of the Appellate Court for the First District. From the judgment of that court affirming the judgment of the superior court of Cook county a further appeal is prosecuted to this court.

Appellants contend that their demurrer to the replications should have been sustained, and also that it should have been carried back and sustained to the petition.

EDWIN WHITE MOORE, (EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel,) for appellants:

A plea to the answer in *mandamus* cannot make a different case from that of the petition. *Hite* v. *Wells*, 17

Ill. 88; *McConnel* v. *Kibbe,* 29 id. 483; *State* v. *Williams,* 69 Ala. 317; *State* v. *Newman,* 91 Mo. 445.

The right to an office cannot be tried in a suit for *mandamus* to compel payment of salary. *State* v. *Auditor,* 34 Mo. 375; *State* v. *Mosely,* 35 id. 146; *Selby* v. *Portland,* 14 Ore. 248; *State* v. *Draper,* 48 Mo. 213; *State* v. *Thompson,* 36 id. 70; *Mead* v. *Ingham County,* 36 Mich. 419; High on Ex. Legal Rem. sec. 113.

A petition in *mandamus* for payment of money must show that respondent has in his possession funds with which to make payment. Laws of 1897, sec. 1, p. 78; 19 Am. & Eng. Ency. of Law, 795; *Amos* v. *Burrus,* 11 Ill. App. 383; *People* v. *Soucy,* 26 id. 505; *Railway Co.* v. *Becket,* 75 Iowa, 183; *People* v. *Commissioners,* 52 Ill. 498; *Commissioners* v. *Snyder,* 15 Ill. App. 646.

When relator pleads to the answer he cannot subsequently question its sufficiency in law. *People* v. *Metropolitan Police,* 26 N. Y. 316.

Every material allegation not traversed is admitted. *Mayor* v. *Briggs,* 194 Ill. 437; *People* v. *Crabb,* 156 id. 155; *People* v. *Finger,* 24 Barb. 341; *State* v. *Newman,* 91 Mo. 445; *Jackson* v. *Justices,* 46 N. C. 451.

Demurrer to a subsequent pleading is carried back to prior defective pleading. *McGann* v. *People,* 194 Ill. 526.

A reply is demurrable which does not meet all the allegations of the answer. *Mayor* v. *Briggs,* 194 Ill. 437.

A. D. GASH, and JAMES H. HOOPER, for appellee:

A demurrer to a subsequent pleading is not carried back to a prior pleading, when a demurrer has already been overruled to a prior pleading and the party pleaded over. *McGann* v. *People,* 194 Ill. 526.

The petition, under our practice, takes the place of a declaration in ordinary actions at law. *People* v. *Pavey,* 151 Ill. 105.

Appropriations made for specific purposes or persons, unless paid out for those purposes or to those persons,

are presumptively left in the city treasury.   An answer must show that the money appropriated was paid out to a *de facto* officer, naming him.   *Proll* v. *Dunn,* 80 Cal. 227; *Chicago* v. *Luthardt,* 191 Ill. 516;  *Woodward* v. *Reynolds,* 58 Conn. 490; 2 Am. & Eng. Ency. of Law, (2d ed.) 514-516.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The pleadings filed herein in response to the answer are denominated pleas both by the Appellate Court and the parties hereto.   Court and counsel were led so to do, no doubt, by following the ancient nomenclature in *mandamus.*   This is a common law action.   The petition performs the office of the alternative writ; the answer, that of the return; and the succeeding pleading should be a common law replication, and under our statute should be designated as a replication.   *People* v. *Glann,* 70 Ill. 232; *People* v. *Crabb,* 156 id. 155; *Chicago Great Western Railway Co.* v. *People,* 179 id. 441;  *People* v. *Pavey,* 151 id. 101.

The petition was obnoxious to a demurrer.   It sought two kinds of relief, one of which must be obtained before there could be a clear legal right to the other.   Relator stood discharged from the police force of the city of Chicago.   Until he was re-instated and his name restored to the roll he was not, under any circumstances, entitled to maintain *mandamus* requiring the city or its officers to pay him.   If the facts averred by the petition are true, relator was entitled to be re-instated, and the question of his right to the salary could then be litigated; but it is manifest that a re-instatement must precede any attempt to collect the salary by *mandamus.*

It is further stated by the petition that the action of the various officers of the city complained of, "was and is wholly unauthorized and without justification, cause or excuse, fraudulent and contrary to and in disregard of the legal rights of petitioner."   This is the statement of a legal conclusion.   Petitioner should have averred the exact facts in regard to the attempted removal as he

understood them to exist, so that the court could ascertain therefrom what his rights were in case the pleading was tested by demurrer.

The question whether the *laches* of relator has not barred his right to this extraordinary remedy, more than two years having elapsed between his removal and the filing of the petition herein, would be entitled to serious consideration had respondents elected to stand by their demurrer to the petition, but in the present condition of the record that question cannot be determined by this court.

These objections to this petition appellants waived by answering instead of standing by their demurrer after it had been overruled. By their answer they seek to show that relator was discharged after trial, in pursuance to law, before the police trial board, appointed by the civil service commissioners of the city of Chicago in pursuance of section 457 of chapter 24 of Hurd's Revised Statutes of 1903. This portion of the answer presented a good defense to that portion of the petition by which relator's re-instatement was sought.

As a basis for the prayer for a writ commanding the payment of relator's salary after the time of his pretended discharge, he averred by the petition that in or about the month of February of each of the years 1900, 1901 and 1902, an appropriation was made by the city council of the city of Chicago for the payment of "police patrolmen of said city, including petitioner." In reference to that averment the answer denied that any appropriation was made by the city council of the city of Chicago in or about the month of February in either of the years 1900, 1901 or 1902, for the payment of relator as a police patrolman of said city, and the answer stated that all sums appropriated by the city council in the years 1900 and 1901 were lawfully expended prior to the filing of the petition in this cause, and that all the moneys appropriated in the year 1902 will be required

to meet the demands now existing and contracts already made for expenditures other than the demands of the relator herein.  This presented the question whether or not such sums of money had been so appropriated by the city for the purpose aforesaid, and that question has not been in anywise determined or disposed of.

The first replication denies, in substance, that the charges mentioned in the answer were investigated by a board appointed by the civil service commission to conduct such investigation, and concluded to the country. The second replication, which concludes with a verification, sets out, in detail, the proceedings which resulted in the pretended discharge, and by that replication it appears, among other things, that the civil service commissioners created a police trial board, consisting of the general superintendent of police, the assistant general superintendent of police, six inspectors of police and one representative from the civil service commission, and that the rules of the commission provided that a quorum of the trial board should consist of five members thereof, *including* the representative of the civil service commission; that at the trial of the charges preferred against relator, resulting in his discharge or attempted discharge, there were present, as members of the trial board, five persons, none of whom was a representative from the civil service commission, as required by the rules of that commission; that of the five present, but one was a police inspector of the city of Chicago.  It is apparent that these averments of this replication presented a complete answer to the charge that relator had been legally removed.  The replication also shows that the relator did not have an opportunity to be heard in his own defense upon the charges which resulted in the order removing him.  This likewise shows the discharge to have been unwarranted.  The replication further avers that the charges against relator were false, and that the findings of the pretended trial board were not based on

evidence "that would sustain the charges in the minds of any fair and impartial committee or tribunal," and that the finding of the pretended trial board was made at the request of Joseph Kipley, one of the members thereof, who had fraudulently conceived the charges, and by undue influence upon the other members of that board brought about the finding.

After a trial is held in the manner pointed out by the statute before the proper board and evidence is taken tending to show the guilt of the person charged, we are of the opinion that the action of the civil service commission, based on the finding of the board, is final and not reviewable by the courts, and that this last mentioned portion of the replication, had it stood alone, would have been bad. The statute does not contemplate a review of the action of the commission which results in the discharge of an officer or employee of the city after a lawful trial before the proper board, by any tribunal whatsoever.

It is contended that the demurrer should have been carried back to the petition. Respondents had filed an answer presenting a complete defense to the petition after their demurrer had been overruled. Relator replied to the answer. Respondents demurred to the replications. Under these circumstances the demurrer to the replications cannot be carried beyond the answer. *Stearns* v. *Cope,* 109 Ill. 340; *Fish* v. *Farwell,* 160 id. 236; *McGann* v. *People,* 194 id. 526.

It is then suggested that the replications amounted to a departure, for the reason that the petition alleged that the relator continued to be a police officer subsequent to January 31, 1901, while the replications admit that he was discharged on the date last mentioned. We think this a misapprehension of the situation. It is true, the petition avers that he continued to be a police officer of the city of Chicago after that date. The answer admits that he had been a police officer, but avers that he was

discharged and ceased to be a police officer on that date as a result of the finding of the trial board. The replications admit the making of the order of removal, but show that it was wrongful, for the reason that the trial was not had before the proper board. Both answer and replications confess and avoid, and there is no departure.

When appellants elected to stand by their demurrer, a judgment commanding re-instatement would have been proper, but in the state of the pleadings it was improper to enter a judgment commanding the payment of the salary, as the facts upon which the alleged right of relator rested in that regard were denied by the answer.

Section 89 of chapter 24 of Hurd's Revised Statutes of 1903, in making provision for an annual appropriation by the city council, directs that the appropriation ordinance "shall specify the objects and purposes for which such appropriations are made and the amount appropriated for each object or purpose." The succeeding section forbids the expenditure of anything over and above the amount provided for in the annual appropriation bill for that year, with certain exceptions not material here. Section 98 of the same act requires that all warrants drawn upon the treasurer shall state the particular fund or appropriation to which the same is chargeable. Section 208 of chapter 38 of Hurd's Revised Statutes of 1903 prohibits municipal officers from diverting "any public money from the use or purpose for which it may have been appropriated or set apart by or under authority of law." Disregarding other defenses which may exist, if the city made no appropriation for the purpose of paying relator's salary, or, having made an appropriation for that purpose, it has been exhausted by paying others, *de facto* police patrolmen of the city of Chicago, for performing the duties which relator should have performed had he not been unlawfully removed, *mandamus* will not lie to compel the payment of the salary to him. A municipality cannot be compelled, by *mandamus*, to pay

money out of a fund when no appropriation for that fund has been made or when the appropriation for that fund has been lawfully exhausted. 19 Am. & Eng. Ency. of Law, (2d ed.) 795; *People* v. *Pavey,* 137 Ill. 585; *People* v. *Reis,* 76 Cal. 274; *State* v. *Mish,* 13 Wash. 302; *State* v. *Slavan,* 11 Wis. 160; *State* v. *Warner,* 55 id. 271; *State* v. *County Commissioners,* 10 Neb. 19.

Material parts of the petition, which were the basis of the prayer for a writ of *mandamus* to compel the payment of the salary, were denied by the answer, and to that part of the answer no replication was filed. Had this been a petition seeking no relief except the payment of the salary, it should, judgment being entered on the pleadings, under such circumstances, have been dismissed. *People* v. *City of Danville,* 147 Ill. 127; *People* v. *Hercer,* 172 id. 271.

The judgments of the circuit and Appellate Courts will be reversed. The cause will be remanded to the circuit court with directions to dismiss the petition in so far as it seeks a writ of *mandamus* to compel the payment of relator's salary, or any part thereof, and with directions to enter a judgment awarding a writ of *mandamus* commanding the civil service commissioners and the general superintendent of police and the comptroller of the city of Chicago forthwith to place the name of petitioner upon the roster of police patrolmen and upon the police pay-roll of said city of Chicago, to the end that the relator may at once enter upon the performance of his duties as police patrolman, with the same right to continue in the performance thereof and receive salary therefor as he had to continue in the performance thereof and receive salary therefor prior to his unlawful removal, subject to the laws, rules and ordinances pertaining to police patrolmen of the city of Chicago. The judgment so entered shall not prejudice the right of the relator to assert his claim for salary for the period intervening

January 31, 1900, and the date of the restoration of his name to the roster of police patrolmen, in any appropriate form of action, nor the right of the city of Chicago to interpose any lawful defense thereto.

*Reversed and remanded, with directions.*