## REMEDY OF AN EXCLUDED POLICE COURT INTERPRETER.

Circuit Court of Cuyahoga County.

STATE, EX REL LOUIS RUBINSTEIN, v. HYLAND B. WRIGHT, AUDITOR.

Decided, October 28, 1910.

*Police Court Interpreter—Excluded from Office—Mandamus Against Police Judge and Not City Auditor Proper Remedy.*

Under a statute which provides that the police judges of certain cities may appoint an interpreter of the police court, one who claims the right to said office from which he has been excluded by said judges who have appointed another in his stead may test it by mandamus against the police judges to restore him to his place, and not by mandamus against the city auditor to issue him a warrant for his pay during the time he is so excluded.

*Westenhaver & Boyd,* for plaintiff.
*Newton D. Baker,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is an appeal of an action in mandamus to compel the city auditor of the city of Cleveland to issue vouchers for two installments of pay alleged to be due to the relator as police court interpreter, who claims to be the lawful incumbent of the office provided for by General Code, Section 4589, as follows:

"The business of the court shall be dispatched with all speed consistent with a full, fair trial or hearing of the case. In cities where there is more than one police judge, the judges of the police court may appoint an interpreter for the court, and in case they fail to agree, the clerk of the court may appoint such interpreter, for the term of two years, who shall receive as com-

pensation fifteen hundred dollars per year; the interpreter shall attend all sessions of the court and obey all orders of the judges thereof.   He· shall receive no fees while acting in the capacity of the interpreter, and the judges may for adequate cause remove him.''

The facts as agreed to by the· parties are essentially as follows:

That the relator was first appointed ·May 10, 1904, and reappointed May 25, 1906, upon certificate of the police judges that they failed to agree.   The judges then in office were succeeded on January 1, 1907, by the present incumbents, who took no action in regard to the appointment of a successor to relator until June 1, 1910, when they appointed Samuel Greenwald; Greenwald qualified and has since been recognized by the judges as the incumbent of the place, except that an acting police judge has, on several different days since Greenwald's· appointment, recognized the relator, who, whether recognized or not, has continued his attendance and tendered performance of the duties of an interpreter.   The relator has taken this course in pursuance of his reappointment May 24, 1910, by the police court clerk, who acted in the premises on the theory that mere omission of the judges to appoint amounted to a failure to agree upon an appointment, notwithstanding that the judges had never given the matter consideration during their incumbency.   Between the date of the relator's last appointment and the date of Greenwald's appointment, a period of eight days, the relator served as police interpreter.

It is urged that if the position is an office, *quo warranto* to determine the right of the claimant thereto and not mandamus is the proper remedy; and if it is only an employment by the city, mandamus still will not lie because there is an adequate remedy at law in damages for wrongful discharge. *James* v. *Allen Co.*, 44 O. S., 226; *Gobrecht* v. *Cincinnati*, 51 Ohio St., 69.

But in *State, ex rel,* v. *Baldwin,* 77 Ohio St., 532, it was held:

''Mandamus is the proper remedy to restore a party to the possession of an office from which he has been illegally removed.''

The rest of the syllabus shows that the rule applies to any public position. The relator there was a police detective and the court said, by Summers, J., at p. 553:

"The restoration of relator to his office and the ousting of the person who was appointed to succeed him does not present a case of determining title to an office, because his removal was absolutely void the pretended appointment is a mere nullity.

"The mayor being without jurisdiction there is no controversy as to the relevant and controlling facts, and proceeding to render the judgment that the circuit court should have rendered, it is ordered that a peremptory writ of mandamus as prayed for issue against the respondent as mayor."

At page 540 he cites with approval, *City of Chicago* v. *The People,* 210 Ill., 84:

"This was a proceeding in mandamus by a police patrolman to compel the city of Chicago and the general superintendent of police to place his name upon the roster of police patrolmen, from which it had been omitted and excluded by a former general superintendent of police, and to place his name upon the police payroll, from which it had been omitted and excluded; also to compel the civil service commissioners of the city to certify his name to the comptroller of said city as a person entitled to pay as a police patrolman of the city, and to compel the city to pay the petitioner his salary for the time he had been excluded. It was held that his discharge was unwarranted because the trial board was not constituted as required by the rules of the civil service commission, and because he was not given an opportunity to be heard in his own defense. It was also held that if the trial had been held in the manner pointed out by the statute that then the action of the civil service commission would not be reviewable by the courts. A mandamus for the money was refused, but the lower court was directed to enter a judgment awarding a writ of mandamus commanding the civil service commissioners and the general superintendent of police and the comptroller of the city of Chicago forthwith to place the name of the petitioner upon the roster of police patrolmen and upon the police payroll of said city of Chicago, to the end that the relator may at once enter upon the performance of his duties as a police patrolman with the same right to continue in the performance thereof and receive salary therefor as he had prior to his unlawful removal, and that the judgment so entered should not prejudice the right of the relator to assert his claim for right of salary for the period intervening be-

tween his removal and restoration in any appropriate form of action, nor the right of the city of Chicago to interpose any lawful defense thereto.''

This, we hold, is applicable here. The police judges are not parties to this proceeding and the only possible remedy by mandamus would be against them to restore the relator to his place, and not against the city auditor for his pay while he is *de facto* deprived of his place.

In *State, ex rel,* v. *Mayor, etc., of Newark,* 58 N. J. Law, 12, the syllabus is:

''The writ of mandamus can not be used to compel a municipality to pay damages for its illegal discharge of an employe.

''Salary having been paid by a municipality to a *de facto* incumbent of an office can not be recovered from the municipality by the *de jure* officer.

''Where, upon a demurrer to a replication to a return to an alternative writ, it appears upon the pleadings that the relator is entitled to only a part of what he demands in his alternative writ, there must be a judgment against the relator.''

Whether mandamus would lie in any case we do not now decide, in view of the doubt which arises concerning the proper construction of the phrase ''fail to agree'' in the statute, from the language of the Supreme Court, in construing another section, in *Siegfried* v. *R. R. Co.,* 50 Ohio St., 294.

At page 296 the court says:

''To fail, implies an effort or purpose to succeed. One can not, properly, be said to fail in anything he does not undertake, nor, in an undertaking which he voluntarily abandons.''

The right of the clerk to appoint under the circumstances of this case is thus not free from doubt.

So also is the right of discharge ''for adequate cause'' by merely appointing a successor, in view of the holding in *State, ex rel,* v. *Sullivan,* 58 Ohio St., 504.

The petition is dismissed because no relief by mandamus can be granted on the facts in this case, against the city auditor.