CHARLES H. GERSCH, Plaintiff in Error, *vs.* THE CITY OF
    CHICAGO *et al.* Defendants in Error.

*Opinion filed June 20, 1911.*

1. OFFICES—*there is no statute in force creating the office of
police patrolman in Chicago.* The office of police patrolman in
Chicago was not created by the city's special charter nor preserved
when the city adopted the Cities and Villages act, and there is
now no statute in force creating such office. (*Bullis* v. *City of
Chicago,* 235 Ill. 472, adhered to.)

2. MANDAMUS—*when existence of ordinance creating office is
essential to suit.* The existence of an ordinance creating the office
of police patrolman is essential to the maintenance of a *mandamus*
suit to compel the placing of petitioner's name upon the roster of
police patrolman of Chicago and upon the pay-roll and to certify
his name for payment of salary as such police patrolman.

3. COURTS—*it is for the legislature, and not the courts, to cor-
rect defects in the law.* The fact that there may be a defect in
the law in regard to the method provided by the Cities and Vil-
lages act for creating offices and filling them, and therefore, by
reason of such defect, an inconsistency between such act and the
Civil Service act, does not authorize the courts to usurp the func-
tions of the legislature in correcting such defect or inconsistency.

WRIT OF ERROR to the Superior Court of Cook county;
the Hon. CHARLES A. MCDONALD, Judge, presiding.

On February 15, 1911, the plaintiff in error filed a peti-
tion in the superior court of Cook county praying for a
writ of *mandamus* to place his name upon the roster of
police patrolmen of the city of Chicago and upon the pay-
roll and to certify his name for payment of his salary as
such police patrolman. A demurrer was sustained to the
petition, and the petitioner having elected to stand by it,
the petition was dismissed at his costs. The petitioner has
sued out a writ of error from this court to review the judg-
ment on the ground that by it his right to share in the
police pension fund is abridged, in violation of the four-

teenth amendment to the constitution of the United States
and of section 2 of article 2 of the constitution of this
State.

The petition sets out very fully the provisions of the
charter of the city of Chicago of 1863 in regard to the po-
lice department, the amendment thereof and a number of
ordinances of the city upon the subject of the police; the
adoption by the city of the Cities and Villages act on April
23, 1875; the passage on June 28, 1875, of an ordinance
for the re-organization of the police department, and on
April 13, 1881, of another ordinance on that subject; the
adoption on March 25, 1895, of the City Civil Service act
by the voters of the city and its going into effect on July 1,
1895. All these facts are alleged as they appeared in the
case of *Bullis* v. *City of Chicago,* 235 Ill. 472. The peti-
tion also alleges the appointment of a board of civil service
commissioners, and their adoption of rules and classifica-
tion of the offices and places of employment in the city.
It is then alleged that Charles H. Gersch, the plaintiff in
error, was appointed to the office of police patrolman on
August 17, 1876, by the general superintendent of police,
took the oath of office, entered upon the performance of his
duties and continued therein until wrongfully discharged;
that he continued in office and was recognized as police
patrolman by the mayors, superintendents of police and city
councils and no successor was appointed for him but money
was appropriated for his salary, and his salary as such po-
lice patrolman was paid to him until July 1, 1893, when he
was promoted to police patrol sergeant, the duties of which
office he performed until June 1, 1895, when he was pro-
moted to police desk sergeant, which office he held when
the Civil Service act went into effect, July 1, 1895; that
thereupon he became a member of the classified civil ser-
vice of the city of Chicago and so continued as police desk
sergeant until November 23, 1907, when he was wrong-
fully reduced to the office of police patrolman, in which he

served until December 2, 1910, when his name was dropped
from the pay-roll by order of the superintendent of police,
wrongfully and without warrant of law, without any writ-
ten charges, without trial and for no alleged misconduct.
During all the time from July 1, 1895, to December 2,
1910, all pay-rolls of officers and employees of the city of
Chicago, including police patrolmen and sergeants in the
police force, have been certified by the board of civil ser-
vice.commissioners, and the plaintiff in error has been so
certified and paid.

A. B. CHILCOAT, for plaintiff in error.

EDWARD J. BRUNDAGE, Corporation Counsel, and ROB-
ERT R. JAMPOLIS, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

In *Bullis* v. *City of Chicago,* 235 Ill. 472, and in numer-
ous other decisions both before and since, many, if not all,
of which are cited in *Preston* v. *City of Chicago,* 246 Ill.
26, questions decisive against the contention of the plaintiff
in error have been determined.  At the foundation of his
case lies the proposition that the office of police patrolman
was created by the charter of the city of Chicago in 1863
and was not abolished when the city adopted the Cities and
Villages act.  The cases referred to have decided this propo-
sition against him, and have decided that there is now in
force no statute creating the office of police patrolman and
that a suit of this character cannot be maintained without
an ordinance creating the office.  His counsel devotes him-
self to a vigorous argument that these cases were wrongly
decided and the positions announced in them should be
abandoned, but we are not convinced and it would be use-
less to repeat the argument.  Not only does the petition
fail to allege any ordinance creating such office, but coun-
sel states in his brief that there is no such ordinance, and

that therefore it follows that if the court adheres to its former decisions there are no policemen, either *de jure* or *de facto,* in the city of Chicago. This may be true, and it may be true that there is a defect in the law in regard to the method authorized by the Cities and Villages act of creating offices and filling them, and an inconsistency, because of such defect, between that act and the City Civil Service act. If so, it is the province of the legislature and not the court to correct such defect or inconsistency.

Under the former decisions of the court, to which we adhere, the demurrer was properly sustained.

*Judgment affirmed.*