[Civ. No. 1447.   First Appellate District.—January 18, 1915.]

W. A. BROWN, Appellant, v. J. J. DWYER, GEORGE M. HILL and THOMAS S. WILLIAMS, Members of and Constituting the Board of State Harbor Commissioners of the State of California, Respondents.

PUBLIC OFFICERS—STATE WHARFINGER—DISCHARGE FOR VIOLATION OF RULE—MANDAMUS.—There was no abuse of discretion by the state board of harbor commissioners in discharging appellant from the position of wharfinger for violating one of its rules providing that each wharfinger must be on duty every day, legal holidays excepted, from eight o'clock A. M. until five o'clock P. M., where the findings of the board were based upon the testimony of witnesses which sufficiently supported the charge and showed something more than a mere technical and unintentional disregard of official duty on the part of appellant; and in such a case the trial court was justified in refusing a writ of mandate to review or revise the order of dismissal.

ID.—SALARY—MANDAMUS.—In such a case a writ of mandate should not issue to compel the respondents to allow and pay appellant's salary pending the hearing and determination of the power of the respondents to remove him from office.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

Mastick & Partridge, for Appellant.

Daniel A. Ryan, for Respondents.

THE COURT.—The appellant in this proceeding prayed for the mandate of the lower court, compelling the defendants and respondents, as members of the state board of harbor commissioners, to reinstate him to the position of wharfinger of the port of San Francisco, from which position he had been dismissed by said board after a trial upon the charge of incompetency and neglect of duty. The judgment of the lower court went for the respondents, and upon appeal therefrom it is urged upon behalf of the appellant that the evidence adduced upon the hearing in the lower court

26 Cal. App.—24

shows that the respondents, sitting as the board of state
harbor commissioners, abused the discretion vested in them
to discharge the appellant from his position with the state,
and that therefore the lower court's findings and judgment
should have been in favor of the appellant.

The specific charge filed with the respondents and upon
which they tried and discharged the appellant, was the viola-
tion of rule 112 of the state board of harbor commissioners,
which provides in part that "Each wharfinger must be on
duty every day, legal holidays excepted, from 8 o'clock A. M.
until 5 o'clock P. M."; and the findings made by the respon-
dents after a regular hearing of the charge against the appel-
lant, were in substance that upon one occasion the appellant
did not report for duty until after the hour prescribed by
rule 112 of the board, and his failure on another occasion
to remain on duty the full length of time provided by the
same rule. Incidentally the findings of the respondents de-
clare further that on another occasion appellant did not
remain on duty until the noon hour, which impliedly was
required of him by the same rule.

It may be conceded that these findings would not have
been conclusive upon the court below if it had been shown
that they were not based upon any evidence at all, or that
the evidence offered and received at the trial of appellant
before the respondents was so slight as to amount to no
evidence at all. But it appears from the record before us
that upon the trial of the case in the court below it was shown
that the findings and order of the respondents were based
upon the testimony of witnesses which sufficiently support
the charge filed with the respondents against the appellant.
This being so, it cannot be said that the respondents abused
the discretion vested in them, and accordingly it must be held
that the court below was justified in refusing its mandate
to review or revise the respondents' order dismissing the ap-
pellant from the service of the state. In our opinion the evi-
dence offered and received upon the trial of appellant before
the respondents—which evidence was reproduced substan-
tially upon the hearing of the application for the writ in the
court below—showed something more than a mere technical
and unintentional disregard of official duty on the part of
the appellant. Such evidence, therefore, furnished a legal
and substantial basis for the respondents' order dismissing

the appellant from his position, and as a consequence the present case does not fall within the exception to the general rule which declares that a dismissal from office, based upon evidence which shows only a minor, technical, unintentional and excusable dereliction of duty, may be deemed an abuse of discretion.

Incidentally the appellant prayed the mandate of the lower court to compel the respondents to allow and pay his salary pending the hearing and determination of the power of the respondents to remove him from office. This the lower court rightfully refused to grant. If it had been determined that the appellant had been illegally discharged from his position, as a matter of course he would have been entitled to the accrued salary which the state had stipulated to pay him, but until such time as the appellant was reinstated as an officer of the state, and his name restored to the state's payroll, he was not entitled to the remedy of *mandamus* to compel the payment of any salary which may have accrued to him pending the hearing and determination of the cause of his removal. (*Meredith* v. *Board of Supervisors of Sacramento County*, 50 Cal. 433; *Chicago* v. *People*, 210 Ill. 84, [71 N. E. 816].)

The judgment appealed from is affirmed.