## Charles H. Gersch, Plaintiff in Error, v. City of Chicago, Defendant in Error.

### Gen. No. 20,508.

1. MUNICIPAL CORPORATIONS, § 135*—*when pay not recoverable by police officer during period in which discharged.* An officer of the police force of the City of Chicago who is wrongfully discharged cannot recover pay for the period during which he stands discharged, but must first secure his reinstatement by appropriate litigation or otherwise.

2. MUNICIPAL CORPORATIONS, § 135*—*when officer not entitled to pay.* The decisions in *Bullis v. City of Chicago*, 235 Ill. 472, and 138 Ill. App. 297, and in *Gersch v. City of Chicago*, 250 Ill. 551 (sustained in *People of Illinois ex rel. Gersch v. City of Chicago*, 226 U. S. 451), in *Preston v. City of Chicago*, 246 Ill. 26, and in *City of Chicago v. Condell*, 224 Ill. 595, *held* to be controlling against plaintiff's claim in this case for salary as a police officer of the City of Chicago.

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed March 29, 1915. Rehearing denied April 12, 1915.

A. B. CHILCOAT, for plaintiff in error.

WILLIAM H. SEXTON, for defendant in error; JOSEPH F. GROSSMAN and JOHN E. FOSTER, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This writ of error is brought to reverse a judgment of *nil capiat* and for costs rendered by the Municipal Court of Chicago January 28, 1914, against Charles H. Gersch, the plaintiff below, who sued the City of Chicago in that court for $3,000, which his statement of claim alleged was due to him as "salary already

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

accrued, accruing and due to him'' as a policeman from the 2nd day of December, 1910, up to the time of beginning the suit, March 6, 1913.

It is conceded—indeed it is stated in the statement of claim—that on December 2, 1910, the plaintiff was discharged from the service of the City of Chicago.

The claim of the plaintiff in this suit is based on the position that he was wrongfully and illegally discharged, and by reason of that deprived of his salary and of vested rights under certain relief and pension fund acts for the benefit of policemen of the City of Chicago.

The statement of claim asserts that the City is estopped from denying that the plaintiff is such a policeman, and also asserts that he has been ready and willing to perform his duties as such policeman, but has been prevented from doing so by the action of the Superintendent of Police and the Civil Service Trial Board in discharging him. His salary is due to him as attached to his office, the plaintiff contends.

The City filed an affidavit of merits, asserting:

First: That the plaintiff has never been reinstated in the service of the City of Chicago, and therefore cannot sue for his salary during the period since the date of his discharge.

Second: That he was never appointed in accordance with law an officer of the City of Chicago.

Third: That at the time of the plaintiff's discharge there was no such office as ''police patrolman'' of the City of Chicago. By this is meant, we take it, such an office as carries with it a ''salary'' as a right attached to it, independently of actual employment.

Fourth: That plaintiff was guilty of laches in bringing this suit.

Fifth and finally, it is said that the contentions of the plaintiff have been already negatived in prior suits and that the matter is *res adjudicata.*

A motion for a judgment for the plaintiff on the "pleadings," meaning the statement of claim and the affidavit of merits, was denied and the cause was submitted to a jury. Some evidence was introduced by the plaintiff, including certain ordinances relating to the organization of the Police Department in Chicago and the record of the oath of office taken by the plaintiff as a "Police Patrolman" on August 17, 1876, at the conclusion of which (the defendant introducing no evidence, but having on cross-examination established the identity of the plaintiff with the Charles H. Gersch who was plaintiff in two suits for mandamus in the Circuit and Superior Courts of Cook County), the plaintiff moved for a peremptory instruction in his behalf. This motion was denied. The defendant moved for a peremptory instruction in its favor, and the motion was allowed. A verdict in favor of the defendant was accordingly rendered and the judgment before described followed.

The instruction and the judgment were without error.

Each of the defendant's grounds of defense set out in the affidavit of merits filed by one of its attorneys stated a good defense under the law as it has been laid down by the Supreme Court of this State, and by the record or evidence it was developed that each position was well taken in fact and in law.

That an officer of the police force wrongfully discharged cannot recover his pay accruing, as he claims, after his discharge, while he "stands discharged," but must first secure his reinstalment by appropriate litigation or otherwise, is a proposition directly laid down by our Supreme Court in *City of Chicago v. People ex rel. Gray,* 210 Ill. 84.

The same doctrine as to policemen and other officers has been laid down in cases in other States: *Van Sant v. Atlantic City,* 68 N. J. Law 449; *Lee v. City of Wilmington,* 1 Marvel (Del.) 65; *Nicholas v. MacLean,* 101 N. Y. 527; *Gorley v. City of Louisville,* 104 Ky. 372.

To the second and third points of the City's defense may well be cited the opinion of the Supreme Court in *Bullis v. City of Chicago,* 235 Ill. 472.

It is not necessary or desirable, in view of the opinion we have already expressed on the first point made by the defendant, to enter upon a discussion of the applicability of the opinion of the Supreme Court in the *Bullis* case, *supra,* to the present litigation further than to say that when the opinion of the Supreme Court is read in connection with that of this court in the same case (138 Ill. App. 297), and again with the opinions of the Supreme Court in *Gersch v. City of Chicago,* 250 Ill. 551, and *Preston v. City of Chicago,* 246 Ill. 26, it will be seen how definitely the Supreme Court has held the defendant's contention in this regard well founded. As to the fourth point, it is sufficient to refer to the reasoning of the Supreme Court in *City of Chicago v. Condell,* 224 Ill. 595.

And finally the right of the plaintiff to be reinstated and *a fortiori* his right to a salary since his discharge has been negatived by the decision of the Supreme Court in *Gersch v. City of Chicago,* 250 Ill. 551, an unsuccessful attempt to overthrow which was made in *People of Illinois ex rel. Gersch v. City of Chicago,* 226 U. S. 451.

The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*