**Charles F. Fitzgibbons, Appellee, v. William W. Legros et al., as Retirement Board of Policemen Annuity & Benefit Fund of Chicago, Appellants.**

**Gen. No. 29,344.**

1. MANDAMUS—*sufficiency of showing as to petitioner's status in petition for mandamus for pension as "police patrolman."* The office of police patrolman was unknown to the common law and its existence must be shown in the petition asking for a writ of mandamus to compel the retirement board to pay to petitioner certain amounts claimed to be due him as pension after his retirement as police patrolman, it being insufficient merely to assert that petitioner was duly appointed as police patrolman.

2. MANDAMUS—*sufficiency of allegations as to date of disability in mandamus for pension as incapacitated police patrolman.* In mandamus to compel the proper authorities to pay to plaintiff a disability pension and allowance for his children, as a police patrolman disabled in the line of duty under statutory provisions taking effect January 1, 1922, the date that the alleged disability occurred must be alleged in the petition, a showing of the date of the examination upon which his disability was determined being insufficient.

3. MUNICIPAL CORPORATIONS—*salary basis for pension for disabled policeman.* The pension of a police officer for total disability is to be determined on the basis of the salary he was receiving at the time he was certified as being totally and permanently disabled.

Appeal by defendants from the Circuit Court of Cook county; the Hon. PHILIP L. SULLIVAN, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1924. Reversed and remanded. Opinion filed October 20, 1924.

FRANCIS X. BUSCH and CARL H. LUNDQUIST, for appellants; CORA B. HIRTZEL, of counsel.

A. D. GASH, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Petitioner filed a petition asking that a writ of mandamus be issued against the Retirement Board of Policemen Annuity & Benefit Fund of Chicago, commanding them to pay him certain amounts as pension. To this the respondents filed a general demurrer, which was overruled, and respondents electing to stand by their demurrer, a writ was ordered in accordance with the prayer, and respondents seek a reversal in this court.

The petitioner represents that he was duly appointed March 7, 1907, a police patrolman of the City of Chicago; that he served as such patrolman from that date to September 13, 1923, when he resigned and made an application to the respondents for a pension; that up to this time he received the salary of a police patrolman as appropriated from year to year; that February 1, 1923, the city council appropriated for the office of police patrolman $2,000 per annum; that while engaged in the service of police patrolman in actual duty he was injured by being wounded by a shot by a fugitive from justice; that May 25, 1922, he was physically examined by the chief surgeons of the police department and two assistants, and a certificate or report was made by them by which it was found and certified that the petitioner was totally and permanently disabled for patrol duty and under proper reconstructive treatment would probably be able for light duty in from eight to twelve months; that petitioner during sixteen months next following did not recuperate and is still totally and permanently disabled; that on the demand of the superintendent of police in Chicago, the petitioner signed a resignation and retired from actual service in the police department September 13, 1923; that he is a married man

living with his wife and two infant children.  Petitioner states that he is entitled to a pension in a sum equal to 75 per cent of the salary appropriated for each month for the office of police patrolman for the year 1923, and subsequent thereto, together with $20 monthly disability benefit for his two children; that respondents say he is entitled to only one-half of the salary appropriated and to nothing for the children.

The petition is open to a number of objections.  The existence of the office of police patrolman is not shown by the petition.  It has been definitely held in suits of this kind that it is incumbent upon the petitioner to show the legal existence of the office and his legal right to hold it.  "The office of policeman or police patrolman was unknown to the common law, and wherever such office exists it is the creation of the statute law or municipal ordinance."  *Bullis v. City of Chicago,* 235 Ill. 472; *Gersch v. City of Chicago,* 250 Ill. 551.

It is not sufficient to assert that petitioner was duly appointed police patrolman.  This has been held to be merely a conclusion of law.  *Stott v. City of Chicago,* 205 Ill. 281; *People v. City of Chicago,* 210 Ill. 479; *Moon v. Mayor,* 214 Ill. 40; *City of Chicago v. Lost,* 289 Ill. 605.

The petitioner fails to allege the time when he was injured; he merely states that this was "while engaged in the service of police patrolman in actual duty."  To be entitled to disability benefit of 75 per cent of the salary and monthly sums for his children, petitioner must have been disabled subsequent to January 1, 1922.  The statute provides for such benefits to any policeman "who shall become disabled subsequent to the first day in the month of January of the first year after the year in which this Act shall come in force and effect."  Paragraph 896, ch. 24, Cahill's Ill. St. 1923.  This act became in force July 1, 1921, and the section referred to applies to policemen who shall become disabled subsequent to January 1, 1922.

This act also provides that any claims for pension which are pending or ungranted on January 1, 1922, shall be allowed or disallowed according to the provisions of the Act of 1915. Paragraph 902, ch. 24.

It is not sufficient to say that because the examination upon which he was declared disabled was made May 25, 1922, that petitioner's disability shall be considered as happening on that date. The statute refers to disability "as the result of injury incurred in the performance of any act or acts of duty" and in the absence of any allegation showing the date of the injury and its character, disability may have occurred long prior to the date of the examination and prior to January 1, 1922. It is not the examination that causes disability, but the injury received.

We are referred to no authority and no good reason is presented for holding that the petitioner, if his petition had been proper otherwise, would be entitled to a pension based upon the appropriation for 1923. His resignation signed September 13, 1923, was based upon the examination of May 25, 1922, when he was certified as totally and permanently disabled for duty. The amount of his pension must be based upon the amount of his salary at that time. See *O'Neill v. Harding*, 233 Ill. App. 444.

The general demurrer of the respondents should have been sustained. For the reasons above indicated, the judgment is reversed and the cause is remanded for further proceedings consistent with what we have said in this opinion.

*Reversed and remanded.*

MATCHETT and JOHNSTON, JJ., concur.