### Mills Davis, Appellee, v. City of Mt. Vernon, Appellant.

566

Opinion filed September 18, 1933.

WILLIAM T. PACE, City Attorney, for appellant; L. H. JONAS, of counsel.

FRANK G. THOMPSON and NEIL H. THOMPSON, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

Mills Davis, appellee, obtained judgment against the appellant, City of Mt. Vernon, on his suit in assumpsit to recover salary as policeman in Mt. Vernon, for the period from November 15, 1931, to October 15, 1932. The City of Mt. Vernon appeals.

Appellee was appointed policeman in May, 1931, gave a bond, took oath, and was paid for the period to November 15, 1931.

Shortly before November 15, 1931, the city council of Mt. Vernon adopted a resolution directing the mayor to drop a number of city employees, including two policemen from the city police force, because of inability of the city to pay them. The mayor discharged appellee, as of November 15, 1931, and delivered to the city clerk, on November 16, a written statement of his action, giving as his reason the lack of city funds to pay those removed from their positions.

Appellee did not appeal to the city council, nor take any steps to assert a further right to the position, nor file a new bond and take a new oath, and the council did not disapprove the removal of appellee. Appellee did not serve as policeman after November 15, 1931.

It is insisted for appellee that by the ordinance of appellant city he was the holder of a city office, as distinguished from an employee; that he held for a term of two years; that no power to remove him existed in the mayor except for misconduct of appellee; that the mayor did not report his discharge of appellee to the city council, and that this failure made the removal of appellee a nullity; that while the council might by resolution abolish the office held by appellee at the end of the city fiscal year, April 19, the resolution adopted was not a destruction of the office held by appellee. Upon this basis it is insisted that appellee could treat the action of the council and the mayor as a nullity, and sue in assumpsit for the salary of policeman of Mt. Vernon, accruing for the term of the office, as an emolument of the office of policeman of the city.

Even though it be assumed that the ordinances of Mt. Vernon created the office of police patrolman, we do not agree that appellee could treat his removal by the mayor as a nullity.

By section 7 of Article 2 of the Cities and Villages Act, Cahill's St. ch. 24, ¶ 21, the mayor has power to remove "whenever he shall be of the opinion that the interests of the city demand such removal." The removal is complete upon the action by the mayor. The officer is "restored" to his office by the statute, after he is removed, if either the mayor fails to file a notice with the city clerk, or if the council by a two-thirds vote disapproves the removal, but then only on filing a new bond and taking a new oath. While the mayor is directed to report his act of removal to the

council, the statute does not provide that the officer is restored to office by a failure of the mayor to make such report. Furthermore, the statute is fairly open to a construction that filing a report with the city clerk is the making of the statutory report to the council. The delivery to the city clerk of the required report, being delivery to the officer who has the duty to file, is compliance with the requirement of filing with the city clerk.

Upon the mayor discharging appellee, the severance of appellee from the position of police officer was immediate and complete. *Hutchins v. Heffran,* 56 Ill. App. 581, on p. 585; s. c., 160 Ill. 550, on p. 554.

Appellee had the right to apply to the city council for restoration to his office. He could proceed to establish his right to hold the office. His removal and the reason for it were shown by public records. The issue was fairly presented to him. He did nothing.

He must establish his right to the office, by litigation or otherwise, before he can recover salary. *City of Chicago v. People ex rel. Gray,* 210 Ill. 84; *Gersch v. City of Chicago,* 192 Ill. App. 190; *Michels v. McCarty,* 196 Ill. App. 493.

Appellee insists that *City of Chicago v. People ex rel. Gray, supra,* is not to this effect and does not support the *Gersch* case, *supra,* and that if it were to this effect, *People ex rel. Mosby v. Stevenson,* 272 Ill. 215, overrules and supersedes it.

In the *Gersch* case, the Appellate Court says (192 Ill. App. 190, on p. 192):

"That an officer of the police force wrongfully discharged cannot recover his pay accruing, as he claims, after his discharge, while he 'stands discharged,' but must first secure his reinstalment by appropriate litigation or otherwise, is a proposition directly laid down by our Supreme Court in *City of Chicago v. People ex rel. Gray,* 210 Ill. 84."

The case of Gray seems to us to justify the foregoing citation, by this language (210 Ill. 84, on p. 89):

"The petition was obnoxious to a demurrer. It sought two kinds of relief, one of which must be obtained before there could be a clear legal right to the other. Relator stood discharged from the police force of the city of Chicago. Until he was re-instated and his name restored to the roll he was not, under any circumstances, entitled to maintain mandamus requiring the city or its officers to pay him. If the facts averred by the petition are true, relator was entitled to be re-instated, and the question of his right to the salary could then be litigated; but it is manifest that a re-instatement must precede any attempt to collect the salary by mandamus."

*People ex rel. Mosby v. Stevenson, supra,* concerns a petition for mandamus under the civil service statute, to compel the payment of salary to him. Woods, secretary of state, having no statutory power of discharge, assumed to discharge Mosby, who promptly applied for relief to the civil service commission, which held that the act of the secretary was without authority, thus establishing the right of Mosby to his position.

Further, the statute there involved is entirely different from section 7 of Article 2 of the Cities and Villages Act, Cahill's St. ch. 24, ¶ 21. No case touching this section is cited by the Supreme Court. This section was not present to the mind of the court in that case, and we think the *Stevenson* case does not impair the authority of the cases cited above.

We have said that reinstatement to office, by mandamus or otherwise, is a condition precedent to suing for salary. Another requirement in that connection is demanded by sound public policy. Appellee's position necessarily assumes that appellee, claiming to be a public officer, may sit by without assertion of a claim, until the term of office has expired, and then recover

the salary for the term from a subdivision of government. In the present case appellee concedes that the city council had power to terminate by resolution the office involved and the action of the council clearly indicates both an intention to discontinue it, and a necessity for such discontinuance. Appellee had notice of the intention of the council, but the council had no notice of appellee's intention, and could fairly assume that appellee regarded the action of the council and the mayor as final. If warned that appellee expected to hold the city liable, the council could have acted to protect the city.

This situation makes this case a special instance proving the public need for the established rule that no delay can be permitted in the assertion of a claim of right to public office by a claimant. It is distinctly injurious to the public interest to permit one discharged from office to make no attempt to correct an alleged or actual error in his discharge, until the term of office or a large part of it has expired, and then make claim for salary. Six months has been held to be an unreasonable delay in the assertion of his claim by a discharged police officer, and to constitute a defense to an action of mandamus. *People ex rel. Qualey v. City of Chicago,* 203 Ill. App. 191.

As we hold that appellee must establish his right to occupy the office before suing for the salary of the office, and must proceed diligently to establish that right, the judgment of the circuit court herein must be reversed.

*Judgment reversed.*